[Cite as *State v. Moore*, 2012-Ohio-657.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 1-11-29

      v.

JOEY A. MOORE,                       O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2009 0207

**Judgment Affirmed**

Date of Decision: February 21, 2012

APPEARANCES:

    *Christopher T. Travis* for Appellant

    *Jana E. Emerick* for Appellee

**SHAW, P.J.**

{¶1} Defendant-Appellant, Joey Moore ("Moore"), appeals the March 21, 2011 judgment of the Allen County Court of Common Pleas overruling his post-sentence motion to withdraw his guilty plea.

{¶2} On July 16, 2009, Moore was indicted for two counts of Burglary in violation of R.C. 2911.12(A)(1), both felonies of the second degree, and one count of Assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree.

{¶3} Moore originally pled not guilty to the charges and trial was set for September 8, 2009. Prior to the trial, on September 3, 2009, the State and Moore negotiated a plea whereby Moore would plead guilty to one count of Burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree, and the remaining charges against him would be dismissed. Additionally, the State and Moore agreed to a recommended sentence of four years imprisonment with three years of post-release control. The plea agreement with the sentencing recommendation was reduced to a single written document and signed by the defendant.

{¶4} Following the negotiations the court held a change-of-plea hearing and engaged in the required Crim. R. 11 dialogue with Moore. After going through the dialogue, the court accepted Moore's plea as knowingly, intelligently and voluntarily given. The court then proceeded to sentencing, giving Moore a chance to address the court.

{¶5} During sentencing Moore expressed his remorse and was apologetic, asking that a letter he wrote containing his apology be given to the victim. When Moore was finished, the court adopted the parties' recommended sentence and sentenced Moore to four years in prison with credit for time served.

{¶6} A little over a year and a half later, on March 21, 2011, Moore, pro se, filed a motion for judicial release. His motion was denied. The following month, on April 25, 2011, Moore filed, again pro se, a motion to withdraw his guilty plea. This motion was also denied. The trial court noted in its denial that Moore had not met his burden establishing grounds for withdrawal of his guilty plea.

{¶7} This appeal followed and Moore asserts one assignment of error for our review.

**ASSIGNMENT OF ERROR**

**TRIAL COURT ABUSED ITS DISCRETION TO PREJUDICE OF APPELLANT WHEN OVERRULING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WITHOUT HOLDING AN EVIDENTIARY HEARING.**

{¶8} In his assignment of error, Moore alleges that the trial court erred in overruling his motion to withdraw his guilty plea without holding an evidentiary hearing. We disagree.

{¶9} A motion to withdraw a guilty plea is governed by Crim. R. 32.1 which states, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after

sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶10}** A motion made pursuant to Crim. R. 32.1 is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus. An abuse of discretion will not be found unless the trial court's determination was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

**{¶11}** A motion to withdraw a plea after a defendant is sentenced will be granted *only* to correct a manifest injustice. Crim R. 32.1; *Smith* at 264. The burden of establishing the existence of a manifest injustice is placed upon the individual seeking vacation of the plea. *Id*. "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).

**{¶12}** A manifest injustice is an exceptional defect in the plea proceedings, *State v. Vogelsong*, 3d Dist. No. 5-06-60, 2007-Ohio-4935, ¶ 12, or a "'clear or openly unjust act,'" *State v. Walling*, 3d Dist. No. 17-04-12, 2005-Ohio-428, ¶ 6, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83, 1998-Ohio-271. "Accordingly, a post-sentence motion to withdraw a guilty plea

is only granted in 'extraordinary cases.'" *State v. Driskill*, 3d Dist. Nos. 10-08-10, 10-08-11, 2009-Ohio-2100, ¶ 32 quoting *Smith*, *supra*.

**{¶13}** A hearing on a post-sentence motion to withdraw guilty plea is not mandatory. It is required only "if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." *State v. Hamed*, 63 Ohio App.3d 5, 7, 577 N.E. 2d. 1111, 1112 (8th Dist. 1989); *see also State v. Nathan*, 99 Ohio App.3d 722, 725, 651 N.E. 2d 1044, 1046 (3d Dist. 1995). In sum, before Moore would be entitled to a hearing on his motion, the trial court would have to look at the allegations in Moore's motion and conclude that those allegations, if taken as true, demonstrate a 'manifest injustice' as defined above.

**{¶14}** In Moore's motion to withdraw his guilty plea, he states that he was prejudiced by "the refusal of counsel to properly research and investigate for trial." (Doc. No. 58). Specifically, Moore says a police report from an incident prior to the indicted offenses contains information proving that Moore had lived with the victim and the victim had lied about it. With this evidence, Moore claims he could not have been convicted of burglary as the element of trespass would be negated. Moreover, Moore claims that because his attorney did not obtain this evidence, and the evidence was not available to him, he felt compelled to plead guilty.

{¶15} Moore attached two police reports to his motion to withdraw his guilty plea, one of which was the report he claims he did not have when negotiating his plea. This police report, which he says would exculpate him, was dated May 4, 2009, over a month prior to the incidents from the indictment. The police report did not pertain to this case.

{¶16} The May 4, 2009 police report described an alleged incident of violence between Moore and the victim of the later indicted offenses. The report, taken and written by Officer Hart, lists Moore's address and telephone number as the same as the victim. Part of the narrative of the report reads, "Mr. Moore and Ms. Hubbard have a child together. Mr. Moore *came home* being argumentative with Ms. Hubbard." (Emphasis added) (Doc. No. 58).

{¶17} The trial court found that these statements did not demonstrate a manifest injustice so as to warrant a hearing on the motion. We agree. Even assuming the truth of all statements in the police report that Moore provided, the report still was made over a month prior to either of the alleged burglaries from the indictment and the report was from an incident not at issue in this case. Though the report may tend to undermine the victim's credibility, and may show that Moore had lived at the residence on May 4, 2009, it does not prove that Moore lived at the residence on June 6, 2009, or June 10, 2009—the dates of the indicted offenses.

{¶18} Furthermore, Moore included one of the police reports from the June 10, 2009 incident with his motion. In that report, which was one of two police reports provided to Moore in discovery relating to the indicted offenses, Moore specifically told police that he was no longer living with the victim at the time of either of the burglaries. In fact, the police report states that Moore was located and arrested "at the place he's been living since being released from jail on a similar case, in Lucas County." (Doc. No. 58). In sum, Moore's own attached evidence states that he did not live with the victim on the dates of the indicted offenses, making where he lived on May 4, 2009 irrelevant.

{¶19} In addition, Moore cannot say he was not without opportunity to raise any issues he had prior to his plea of guilty. As part of Moore's negotiated guilty plea he agreed to a sentencing recommendation of four years. This agreement was put in writing on the negotiated plea form and signed by Moore at the bottom. The court went through the Crim. R. 11 colloquy with Moore and Moore had no questions and expressed no reservations. The transcript shows that the defendant entered his plea in a knowing, intelligent and voluntary manner. During the sentencing hearing that immediately followed, Moore was apologetic, expressing his regret for what he had done, going so far as to request that the victim be given a letter he had written which said he was sorry for his actions.

{¶20} It is only after Moore's motion for judicial release was denied, over a year and a half after pleading guilty, that Moore gives any indication that his plea was less than voluntary. A month after denial of his judicial release motion, Moore filed the motion to withdraw his guilty plea. Not only does this make Moore's motion appear disingenuous, but it also raises the question of undue delay. Undue delay is a factor adversely affecting the defendant when considering a motion to withdraw a guilty plea. *Smith* at 264. Moore gave no indication as to why he waited until after judicial release was denied to make his motion and he also does not show when he received the police report that he now claims puts an element of the crime in question.

{¶21} In sum, in Moore's case, a manifest injustice is not present. Moore's evidence, even when taken as true, does not meet his burden. Further weighing against Moore is the timing of his motion, and the fact that the court was apprised of the potential discrepancy as to where he lived. Accordingly, we find nothing in the motion or the record to show that the trial court's decision was an abuse of discretion.

{¶22} For these reasons, Moore's assignment of error is overruled and the judgment is affirmed.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**