[Cite as *State v. Corrao*, 2015-Ohio-5052.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLANT,           CASE NO. 14-15-14

      v.

JOSEPH CORRAO,                   **O P I N I O N**

      DEFENDANT-APPELLEE.

STATE OF OHIO,

      PLAINTIFF-APPELLANT,            CASE NO. 14-15-15

      v.

JOSEPH CORRAO,                   **O P I N I O N**

      DEFENDANT-APPELLEE.

STATE OF OHIO,

      PLAINTIFF-APPELLANT,            CASE NO. 14-15-16

      v.

JOSEPH CORRAO,                   **O P I N I O N**

      DEFENDANT-APPELLEE.

**STATE OF OHIO,**

       **PLAINTIFF-APPELLANT,**           **CASE NO. 14-15-17**

       **v.**

**JOSEPH CORRAO,**                    **O P I N I O N**

       **DEFENDANT-APPELLEE.**

**STATE OF OHIO,**

       **PLAINTIFF-APPELLANT,**           **CASE NO. 14-15-18**

       **v.**

**JOSEPH CORRAO,**                    **O P I N I O N**

       **DEFENDANT-APPELLEE.**

**Appeals from Marysville Municipal Court**
**Trial Court Nos. CRB1500215A, CRB1500251B, TRD1502760,**
**CRB-1500215A and TRD-1502760**

**Judgments Reversed and Causes Remanded**

**Date of Decision:   December 7, 2015**

**APPEARANCES:**

    *Rick Rodger* **for Appellant**

    *Joseph M. Corrao,* **Appellee**

**SHAW, J.**

**{¶1}** Appellant State of Ohio brings this appeal from the following judgments of the Marysville Municipal Court, which correspond to the parenthetical appellate case number: the May 28, 2015 judgment granting defendant-appellee Joseph Corrao's motion to suppress in trial court case number 15CRB251(A) (appellate case number 14-15-14); the May 28, 2015 judgment granting Corrao's motion to suppress in trial court case number 15CRB251(B) (appellate case number 14-15-15); the May 28, 2015 judgment granting Corrao's motion to suppress in trial court case number TRD1502760 (appellate case number 14-15-16); the June 2, 2015 judgment granting Corrao's motion to dismiss trial court case number 15CRB251(A) (appellate case number 14-15-17); and the June 2, 2015 judgment granting Corrao's motion to dismiss trial court case number TRD1502760 (appellate case number 14-15-18). For the reasons that follow, we reverse the trial court's judgments.

**{¶2}** On May 7, 2015, Corrao was stopped by Trooper D.L. McIntyre of the Ohio State Highway Patrol for traveling 75 mph in a 65 mph zone. According to Trooper McIntyre's statement, which is contained in the record, it was eventually uncovered that Corrao was hiding a "glass smoking pipe * * * under [his]

testicles" and that there was a "grinder and approximately 3 grams of a green leafy substance" suspected to be marijuana on the floor board of Corrao's vehicle.[1]

**{¶3}** Corrao was ultimately charged with Speeding in violation of R.C. 4511.21(D)(3) in trial court case number TRD1502760. He was charged with Possession of Drug Paraphernalia in violation of R.C. 2925.141 in trial court case number 15CRB251(A), and he was charged with Possession of Marijuana in violation of R.C. 2925.11(C)(3) in trial court case number 15CRB251(B). On May 14, 2015, Corrao was arraigned and he pled not guilty to all the charges. Corrao also elected to proceed *pro se* during these case proceedings.

**{¶4}** On May 27, 2015, in both the traffic case and criminal cases Corrao filed a motion to suppress seeking to suppress any statements he made to law enforcement. (Doc. No. 16); (Doc. No. 23): (Doc. No. 9).[2] The suppression motions all contained certificates of service indicating that they were served by ordinary US mail upon the prosecuting attorney.

**{¶5}** The very next day, on May 28, 2015, the trial court signed entries that Corrao had prepared granting Corrao's suppression motions. (Doc. No. 17); (Doc. No. 24); (Doc. No. 10). The entries read, "Upon Motion of Defendant Joseph M. Corrao, and for good cause shown, Defendant's Motion to Suppress Evidence is

---

[1] The facts in this case have not been determined by the trial court and as such are narrated simply to provide context for the charges.
[2] The order of documents cited begins with the traffic court case, followed by the "A" criminal case file, then the criminal "B" criminal case file.

well taken and GRANTED. It is hereby ORDERED, ADJUDGED AND DECREED that any evidence obtained by any law enforcement agency before, during and after their investigation be and hereby are suppressed." (*Id.*); (*Id.*); (*Id.*)

{¶6} On June 1, 2015, Corrao filed motions to dismiss the charges against him. (Doc. No. 21); (Doc. No. 28); (Doc. No. 13). The motions all contained certificates of service indicating that they were served upon the prosecuting attorney by ordinary US mail.

{¶7} On June 2, 2015, the trial court signed entries that had been prepared by Corrao granting his motions to dismiss in the traffic case, TRD1502760, and in criminal case 15CRB251(A), *but not* in 15CRB251(B). (Doc. No. 22); (Doc. No. 29); (Doc. No. 13). The entry in the (B) case was prepared by Corrao but not signed. (Doc. No. 13).

{¶8} That same day, on June 2, 2015, the State filed notices of appeal from the trial court's decisions on the suppression motions, which had been granted May 28, 2015.[3] The appeal from the suppression motion in traffic case TRD1502760 was assigned appellate case number 14-15-16, whereas the appeal from the suppression judgments in criminal cases 15CRB251(A) and

---

[3] The State certified in its notices of appeal that pursuant to Crim.R. 12(K) "the appeal is not for purposes of delay and that the ruling on the motion to suppress has rendered the State's proof, with respect to the pending charge, so weak in [its] entirety that any reasonable possibility of effective prosecution has been destroyed."

Case No. 14-15-14, 15, 16, 17, 18

15CRB251(B) were assigned to separate appellate court case numbers: 14-15-14, and 14-15-15, respectively.

{¶9} On June 4, 2015, the trial court filed a document called "Statement to Supplement the Record on Appeal," which read as follows.

> **Now comes Michael J. Grigsby, Judge of the Marysville Municipal Court in order to supplement the record on appeal and correct the same due to clerical errors.**
>
> 1. **The judgment entries appealed from were submitted to the judge and signed in error, as were the judgment entries granting the defendant's motions to suppress.**
>
> 2. **No hearings on the motions were held, and trials in the above captioned cases were set for June 17, 2015 at which time the defendant's motions to suppress would have been heard. Therefore there was no evidence or factual basis for any of such rulings.**
>
> 3. **These clerical errors were brought to the court's attention on June 4, 2015, two weeks prior to trial but the Prosecution had already filed its notice of appeal and the trial court is without authority to vacate those entries, and correct its own error.**
>
> 4. **It should be noted that in the case State of Ohio vs. Joseph Corrao Case No. 15CRB251(B) charging defendant with possession of Marijuana on the motion sustaining the motion to suppress, not the dismissal entry, was signed and filed.**

(Doc. No. 30).[4]

{¶10} Although notices of appeal had already been timely filed by the State related to all three suppression motions, the State also filed notices of appeal

---

[4] Arguably this document should not be part of our record despite the fact that it is filed within the trial court's docket and transmitted to this Court on appeal because it was filed after the State's original notices of appeal. Regardless, *it is not relied upon* by this Court in rendering its decision in these matters.

related to both dismissals that had been granted by the trial court. The State appealed from the entry dismissing criminal case 15CRB251(A), which was assigned appellate number 14-15-17, and the State appealed from the entry dismissing traffic case TRD1502760, which was assigned appellate number 14-15-18.[5] Thus there are five appellate case numbers before this Court, which spawn from five judgment entries: the entry suppressing evidence and the entry dismissing the case in traffic case TRD1502760, the entry suppressing evidence and the entry dismissing the case in criminal case 15CRB251(A), and the entry suppressing evidence in 15CRB251(B). It is from these five judgments that the State has appealed, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ERRED WHEN GRANTING APPELLEE'S MOTIONS TO SUPPRESS AND MOTIONS TO DISMISS, UNDER THE RESPECTIVE CASE NUMBERS, WITHOUT HOLDING A HEARING ON THE MATTERS AND WITHOUT AFFORDING THE STATE OF OHIO THE OPPORTUNITY TO RESPOND AND BE HEARD ON THE MOTIONS.**

{¶11} In its sole assignment of error, the State argues that the trial court erred in not providing the State an opportunity to respond to Corrao's suppression motions before granting them and ultimately dismissing two of the three charges, also without allowing the State a reasonable opportunity to respond. We agree.

---

[5] In addition, the State filed motions for leave to appeal the dismissals. Pursuant to R.C. 2945.67(A), the State had a right to appeal the dismissals.

{¶12} Corrao filed his suppression motions on May 27, 2015, and they were granted the very next day, May 28, 2015. The single day did not give the State any meaningful opportunity to respond to the suppression motions. This Court has held previously that, "Until the other party has a reasonable opportunity to file a written response, there is no reasonable consideration by the court of the issues involved." *State v. Diehl*, 3d Dist. Union No. 14-89-30, 1991 WL 44166, *3 (Mar. 25, 1991) (holding trial court abused its discretion granting motion to dismiss the same day it was filed because State did not have a reasonable opportunity to respond). Similarly, the Eighth District Court of Appeals has found that where a trial court granted a motion to suppress two days after it was filed, before the prosecution was given an adequate opportunity to respond, the trial court abused its discretion. *City of Cleveland v. Laylle*, 8th Dist. Cuyahoga No. 75196, 1999 WL 1068061, *1 (Nov. 24, 1999); *see also State v. Dalchuk*, 9th Dist. Summit No. 21422, 2003-Ohio-4268, ¶ 4 (finding that where trial court granted defendant's motion before giving the State a reasonable opportunity to respond, trial court erred).

{¶13} The same could be said of the motions to dismiss, which were filed June 1, 2015, and granted the next day June 2, 2015. The State was simply not permitted a reasonable opportunity to file a written response or be heard on those issues either. *See State v. Palivoda*, 11th Dist. Ashtabula No. 2006-A-0019, 2006-

Ohio-6494, ¶ 14 ("The trial court denied appellant the opportunity to submit any oppositional material by granting the motion less than twenty-four hours after it was filed. This constitutes reversible error.").

{¶14} Here the State was not presented any meaningful opportunity to respond to the various motions, and therefore the trial court erred in granting the suppression motions and the motions to dismiss. Therefore the State's sole assignment of error is sustained.

{¶15} Having found error prejudicial to the State, these causes are reversed and remanded to the trial court for further proceedings consistent with this opinion.

*Judgments Reversed and*
*Cause Remanded*

**ROGERS, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**