[Cite as *State v. Nawman*, 2017-Ohio-7344.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2016-CA-43 |
| | : | |
| v. | : | T.C. NO. 13-CR-677 |
| | : | |
| BRANDON NAWMAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___25th___ day of _____August_____, 2017.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
       Attorney for Plaintiff-Appellee

JOE CLOUD, Atty. Reg. No. 0040301, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
       Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Brandon Nawman appeals a decision of the Clark County Court of Common Pleas, Criminal Division, denying his post-conviction motion to withdraw his guilty plea without first granting a hearing.

**{¶ 2}** We set forth the history of the case in *State v. Nawman*, 2d Dist. Clark No. 2014 CA 6, 2015-Ohio-447, ¶s 2-3 (hereinafter "*Nawman I*") and repeat it herein in pertinent part:

On September 30, 2013, Nawman was indicted for one count of burglary, in violation of 2911.12(A)(3), a felony of the third degree, and one count of having a weapon while under disability, in violation of 2923.13(A)(2), a felony of the third degree. The burglary count was accompanied by a firearm specification. In exchange for the dismissal of the burglary count, Nawman pled guilty to one count of having a weapon while under disability. The trial court ordered that a pre-sentence investigation report (PSI) be prepared and scheduled a date for sentencing.

The trial court subsequently sentenced Nawman to the maximum sentence of three years in prison, with three years of optional post-release control. The trial court ordered the sentence in the instant case to be served consecutively to a four-year sentence Nawman was serving for offenses committed in Clinton County, Ohio, for an aggregate sentence of seven years in prison.

**{¶ 3}** Nawman appealed, and we affirmed his conviction and sentence. *Nawman I*. Specifically, in *Nawman I*, we found that Nawman's sentence, while the maximum penalty, was within the statutory range and thus, not contrary to law. We further found that the record clearly established that the trial court made all of the requisite findings to support the imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4). Additionally, pursuant to the Ohio Supreme Court's holding in *State v. Johnson*, 40 Ohio

St.3d 130, 532 N.E.2d 1295 (1989), the trial court did not err when it failed to inform Nawman that it could impose consecutive sentences at his plea hearing. Finally, we found that the trial court substantially complied with Crim.R. 11(C) when it accepted Nawman's guilty plea to one count of having a weapon while under disability.

{¶ 4} On May 19, 2016, Nawman filed a post-conviction motion to withdraw his plea with the trial court. In an entry issued on June 10, 2016, the trial court denied Nawman's post-conviction motion to withdraw without a hearing. Thereafter, Nawman filed an untimely notice of appeal with this Court on July 26, 2016. On September 7, 2016, we issued an order to Nawman to show cause why this matter should not be dismissed for failure to file a timely notice of appeal pursuant to App.R. 4(A). Nawman filed a response to our show cause order on October 24, 2016. In a decision and entry issued on December 5, 2016, we found that Nawman satisfied our show cause order and permitted him to file a delayed appeal.

{¶ 5} On March 29, 2017, Nawman's appointed counsel filed an appellate brief. The State filed its answer brief on June 19, 2017. Nawman's appeal is now properly before this Court.

{¶ 6} Nawman's sole assignment of error is as follows:

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING THE DEFENDANT A HEARING AS REQUESTED IN HIS POST PLEA MOTION TO WITHDRAW PLEA FILED [on] MAY 19, 2016."

{¶ 8} In his sole assignment, Nawman contends that the trial court abused its discretion when it denied his post-conviction motion to withdraw his guilty plea without first granting a hearing because he received ineffective assistance of counsel.

Specifically, Nawman argues that his trial counsel was deficient for failing to inform him that a purported plea offer with an agreed sentence of two years could be rejected by the trial court and that he could receive the maximum sentence. Therefore, he asserts that his pleas were not entered in a knowing, voluntary, or intelligent fashion.

{¶ 9} "We review the alleged instances of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, * * *. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland,* 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted.) *State v. Mitchell,* 2d Dist. Montgomery No. 21957, 2008–Ohio–493, ¶ 31.

{¶ 10} We review a trial court's decision on a post-sentence motion to withdraw a no contest or guilty plea and on a decision granting or denying a hearing on the motion for an abuse of discretion. *Xenia v. Jones,* 2d Dist. Greene No. 07–CA–104, 2008–Ohio–4733, ¶ 6; *State v. Perkins,* 2d Dist. Montgomery No. 25808, 2014–Ohio–1863, ¶ 27. "An abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal

decision-making.' " *State v. Perkins,* 2d Dist. Montgomery No. 24397, 2011–Ohio–5070, ¶ 16, quoting *State v. Beechler,* 2d Dist. Clark No. 09–CA–54, 2010–Ohio–1900, ¶ 62. (Other citation omitted.) "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." *State v. Xie,* 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 11} Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence plea withdrawal motion only to correct a manifest injustice. Accordingly, a defendant who moves to withdraw his plea bears the burden of establishing a manifest injustice. Crim.R. 32.1; *State v. Harris,* 2d Dist. Montgomery No. 19013, 2002 WL 940186, * 1 (May 10, 2002), citing *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. " 'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.' " State *v. Brooks,* 2d Dist. Montgomery No. 23385, 2010–Ohio–1682, ¶ 8, quoting *State v. Hartzell,* 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). Under this standard, "a post-sentence withdrawal motion is allowable only in extraordinary cases." (Citation omitted.) *Smith* at 264.

{¶ 12} It is well established that " '[i]neffective assistance of counsel can constitute manifest injustice sufficient to allow the post-sentence withdrawal of [a] plea.' " *State v. Banks,* 2d Dist. Montgomery No. 25188, 2013–Ohio–2116, ¶ 9, quoting *State v. Dalton,* 153 Ohio App.3d 286, 2003–Ohio–3813, 793 N.E.2d 509, ¶ 18 (10th Dist.). To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984). Specifically, the defendant must show that: (1) defense counsel's performance was so deficient that he was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution; and (2) that defense counsel's errors prejudiced the defendant. *Id.* at 687. With regards to a plea withdrawal motion, to demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a plea." *State v. Wilson,* 2d Dist. Montgomery No. 26354, 2015–Ohio–1584, ¶ 17, citing *Strickland.* The failure to make either showing defeats a claim of ineffectiveness of trial counsel. *Strickland* at 687.

{¶ 13} A hearing on a post-sentence plea withdrawal motion is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the plea. *State v. Burkhart,* 2d Dist. Champaign No. 07–CA–26, 2008–Ohio–4387, ¶ 12; *State v. Mogle,* 2d Dist. Darke Nos. 2013–CA–4, 2013–CA–5, 2013–Ohio–5342, ¶ 17. In other words, "[t]o obtain a hearing, 'a movant must establish a reasonable likelihood that the withdrawal is necessary to correct a manifest injustice [.]' " *State v. Tunstall,* 2d Dist. Montgomery No. 23730, 2010–Ohio–4926, ¶ 9, quoting *State v. Whitmore,* 2d Dist. Clark No. 06–CA–50, 2008–Ohio–2226, ¶ 11. "[W]e have held that no hearing is required on a post-sentence motion to withdraw a plea where the motion is supported only by the movant's own self-serving affidavit, at least when the claim is not supported by the record." (Citations omitted.) *State v. Stewart,* 2d Dist. Greene No. 2003–CA–28, 2004–Ohio–3574, ¶ 6.

{¶ 14} In the instant case, Nawman argues that he should be able to withdraw his guilty plea because his trial counsel was ineffective for failing to inform him that a

purported plea offer with an agreed sentence of two years could be rejected by the trial court and that he could receive the maximum sentence. Other than his bare assertion, however, Nawman has produced no evidence to substantiate his claim that his counsel failed in that regard. *State v. Graham*, 2d Dist. Montgomery No. 27033, 2017-Ohio-4093, ¶ 21.

{¶ 15} Moreover, Nawman's allegations regarding his trial counsel's advice, or lack thereof, regarding his decision to plead guilty rely on matters outside the record. This court has held that matters outside the record that allegedly corrupted the defendant's choice to enter a guilty or no contest plea so as to render that plea less than knowing and voluntary, such as ineffective assistance provided by a defendant's trial counsel, are proper grounds for post-conviction relief pursuant to R.C. 2953.21 and that the availability of that relief removes defendant's claims from the type of extraordinary circumstances that demonstrate a manifest injustice, which is required for Crim.R. 32.1 relief. *Hartzell,* 2d Dist. Montgomery No. 17499, 1999 WL 957746 at *2; *State v. Moore,* 2d Dist. Montgomery No. 24378, 2011–Ohio–4546, ¶ 13–15.

{¶ 16} Furthermore, we note that Nawman's motion to withdraw his no contest pleas was filed approximately fifteen months after we affirmed his direct appeal and over two years after he was sentenced. "Although Crim. R. 32.1 does not contain a time limit for filing a post-sentence motion to withdraw a plea, a trial court may take into consideration the passage of time between the entry of the plea and a defendant's attempt to withdraw it." (Citations omitted.) *Jones,* 2d Dist. Greene No. 07–CA–104, 2008–Ohio–4733 at ¶ 9. "[A]n undue delay between the occurrence of the alleged cause of a withdrawal of [the] plea and the filing of a Crim.R. 32 motion is a factor adversely affecting

the credibility of the movant and militating against the granting of the motion." *State v. Harden,* 2d Dist. Montgomery No. 22839, 2009–Ohio–3431, ¶ 7, citing *Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324.   Here, Nawman has failed to provide any explanation for the delay in filing his motion, which further supports the trial court's decision to overrule it.   Therefore, we find that a hearing on Nawman's post-sentence motion to withdraw his plea was not warranted under the facts of the instant case.

{¶ 17} Finally, we note that in *Nawman I*, we specifically found that the trial court substantially complied with Crim.R. 11(C) when it accepted Nawman's guilty plea to one count of having a weapon while under disability.

{¶ 18} In light of the foregoing, we find the trial court did not abuse its discretion in overruling Nawman's post-sentence motion to withdraw his guilty plea without a hearing, as we agree that he has failed to establish a reasonable likelihood that the withdrawal of his plea was necessary to correct a manifest injustice.   Therefore, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Megan M. Farley
Joe Cloud
Hon. Douglas M. Rastatter