[Cite as *State v. Steele*, 2023-Ohio-178.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,            CASE NO. 4-22-06

      v.

LAWRENCE P. STEELE,            O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO. 4-22-07

      v.

LAWRENCE P. STEELE,            O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Defiance Municipal Court**
**Trial Court Nos. CRB21-1123 and CRB21-1129**

**Judgments Affirmed**

**Date of Decision: January 23, 2023**

APPEARANCES:

    *Lawrence P. Steele* Appellant

    *Troy A. Essex* for Appellee

**MILLER, P.J.**

{**¶1**} Defendant-appellant, Lawrence P. Steele, appeals the March 24, 2022 judgments of the Defiance Municipal Court denying his motions to withdraw his no-contest pleas.

{**¶2**} This appeal involves two related criminal cases. On November 11, 2021, Steele and his live-in girlfriend, A.S., were involved in an altercation in their Defiance County residence. The following day, a complaint was filed in the Defiance Municipal Court in case number CRB21-1123 charging Steele with domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor.

{**¶3**} At his arraignment later that day, Steele entered a plea of not guilty. The trial court also granted a domestic violence temporary protection order ("DVTPO") which required Steele to stay at least 500 feet away from A.S. The DVTPO also specified that Steele not enter A.S.'s residence. The DVTPO further instructed that Steele may only pick up his clothing and personal effects from the home in the company of a uniformed law enforcement officer. Then, the trial court released Steele on an own recognizance bond with the specific condition that he obey the terms of the DVTPO.

{**¶4**} Later that evening, law enforcement officers arrested Steele after he admitted that he entered A.S.'s residence to retrieve some of his clothing and personal effects. On November 13, 2021, a complaint was filed in the Defiance

Municipal Court in case number CRB21-1129 charging Steele with violating a protection order in violation of R.C. 2919.27(A)(1), a first-degree misdemeanor. Steele appeared for arraignment in case number CRB21-1129 on November 15, 2021 and pled not guilty. On November 29, 2021, Steele's retained trial counsel entered a notice of appearance in both cases.

{¶5} On February 15, 2022, Steele appeared for a change-of-plea hearing in the pending cases. At the parties' request, the trial court amended the complaint in case number CRB21-1123 from domestic violence to persistent disorderly conduct in violation of R.C. 2917.11, a fourth-degree misdemeanor. In exchange, Steele withdrew his not guilty pleas and entered no-contest pleas to the complaint in CRB21-1123 as amended and CRB21-1129 as charged. The trial court accepted Steele's no contest pleas and found him guilty. The trial court immediately proceeded to sentence Steele to 30 days in jail with 29 days suspended in case number CRB21-1123 and 180 days in jail with 177 days suspended in case number CRB21-1129. The trial court ordered the jail sentences to run consecutively and granted Steele one day of jail-time credit and three days of jail time credit in case number CRB21-1123 and case number CRB21-1129, respectively.

{¶6} On March 16, 2022, Steele, acting pro se, filed motions to withdraw his no contest pleas. In his motions, Steele argued that he received ineffective assistance of trial counsel and, therefore, his convictions were the result of manifest

injustice. Steele attached no further evidence in support of the claims asserted in his motions. On March 23, 2022, the State filed its memorandums in opposition to Steele's motion to withdraw his pleas. In judgment entries filed on March 24, 2022, the trial court denied Steele's motions to withdraw his no-contest pleas. In the judgment entries, the trial court specified that in considering the request to withdraw the pleas it reviewed Steele's motions, the State's responses, and the audio recording of Steele's change-of-plea hearing.[1]

{¶7} On April 25, 2022, Steele filed his notices of appeal. He raises a single assignment of error for our review.

### Assignment of Error

**The trial court abused its discretion by denying defendant's Motion to Withdraw Plea.**

{¶8} Appellate review of the trial court's denial of a motion to withdraw a guilty or no-contest plea is limited to whether the trial court abused its discretion. *State v. Cartlidge*, 3d Dist. Seneca No. 13-21-06, 2021-Ohio-3787, ¶ 8. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶9} A motion to withdraw a guilty or no-contest plea is governed by Crim.R. 32.1, which provides:

---

[1] Although the trial court was able to review the audio recording of the change-of-plea hearing while considering Steele's motions to withdraw his no-contest pleas, Steele failed to file a transcript of the change-of-plea hearing for our review.

-4-

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

A defendant seeking to withdraw a guilty or no-contest plea after sentencing bears the burden of demonstrating a "manifest injustice." *State v. James*, 3d Dist. Hancock No. 5-19-30, 2020-Ohio-720, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. The Supreme Court of Ohio has defined the manifest injustice standard as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). "'A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.'" *State v. Kimpel*, 3d Dist. Shelby No. 17-17-12, 2018-Ohio-2246, ¶ 16, quoting *Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463 (1970). "'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.'" *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, quoting *State v. Hartzell*, 2d Dist. Montgomery No. 17499, *2 (Aug. 20, 1999). Thus, under this standard, "a postsentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264.

{¶10} "A hearing on a post-sentence motion to withdraw guilty [or no-contest] plea is not mandatory. It is required only 'if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn.'" *State v. Moore*, 3d Dist. Allen No. 1-11-29, 2012-Ohio-657, ¶ 13, quoting *State v. Hamed*, 63 Ohio App.3d 5, 7 (8th Dist.1989). Thus, before a defendant is entitled to a hearing on a post-sentence motion to withdraw a guilty or no contest plea, the trial court must determine that the allegations raised by the defendant, if true, constitutes a "manifest injustice." *State v. Smith*, 3d Dist. Hancock Nos. 5-21-05, 5-21-06, 5-21-07, and 5-21-08, 2022-Ohio-742, ¶ 21, citing *Moore* at ¶ 13. *See State v. Nawman*, 2d Dist. Clark No. 2016-CA-43, 2017-Ohio-7344, ¶ 13 ("[N]o hearing is required on a post-sentence motion to withdraw a plea where the motion is supported only by the movant's own self-serving affidavit, at least when the claim is not supported by the record.").

{¶11} "[M]anifest injustice to support withdrawal of a guilty [or no-contest] plea can take the form of ineffective assistance of counsel." *State v. Lehmkuhle*, 3d Dist. Van Wert No. No. 15-18-10, 2019-Ohio-1044, ¶ 29, citing *State v. Kocak*, 7th Dist. Mahoning No. 16 MA 0020, 2016-Ohio-8483, ¶ 40, citing *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, ¶ 18 (10th Dist.). "When an alleged error underlying a motion to withdraw a guilty [or no-contest] plea is the ineffective assistance of counsel, the defendant must show (1) that his counsel's performance

was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty." *Lehmkuhle* at ¶ 29, citing *State v. Tapia-Cortes*, 10th Dist. Franklin No. CA2016-02-031, 2016-Ohio-8101, ¶ 13, citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).

{¶12} Steele argues that the trial court erred by denying his motions to withdraw his no-contest pleas without conducting a hearing because his trial counsel was ineffective. In support of his position, Steele argues that his trial counsel was ineffective for allegedly failing to provide Steele with several pieces of supposed exculpatory evidence. Specifically, Steele argues that when he received his trial counsel's case file, Steele apparently discovered two documents contained therein which Steele alleges undermine the State's case against him. First, Steele references an affidavit signed by the victim that was supportive of Steele and supposedly undermined several elements of the offense of domestic violence. According to Steele, "[t]he affidavit proves there was no victim and no acts of violence." (Appellant's Brief at 4). Next, Steele argues that in the police report of the November 12, 2021 incident, the arresting officer admitted to violating Steele's *Miranda* rights. Steele alleges that his trial counsel did not inform him of the existence of these documents and that if he had, Steele would not have entered no-contest pleas.

**{¶13}** However, Steele's arguments relating to the ineffective assistance of counsel rely solely on: (1) evidentiary materials outside the record on appeal, i.e., documents attached to his appellate brief and (2) statements made in Steele's appellate brief. App.R. 9 governs the record on appeal and provides in pertinent part: "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." App.R. 9(A)(1). "Evidence not made part of the record that is attached to an appellate brief cannot be considered by a reviewing court." *State v. Zhovner*, 3d Dist. Auglaize No. 2-12-13, 2013-Ohio-749, ¶ 11, citing *Deitz v. Deitz*, 3d Dist. Union No. 14-11-06, 2012-Ohio-130, ¶ 8. In *State v. Hooks*, the Supreme Court of Ohio stated that "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings" *State v. Hooks*, 92 Ohio St.3d 83 (2001). Additionally, the record cannot be enlarged by factual assertions in the brief. *State v. Morrow*, 5th Dist. Muskingham No. CT2021-0053, 2022-Ohio-1089, ¶ 19. Accordingly, we disregard documents and allegations in Steele's brief that were not part of the trial court record. Thus, the victim's affidavit and the excerpt from the law enforcement officer's report, which form the basis of Steele's argument on appeal, cannot be considered in our review of Steele's assignment of

error.[2]  We likewise will not consider the factual assertions made in Steele's brief that are not supported by the record or that concern documents which were not first presented for the trial court's consideration and are not properly part of the record. Accordingly, we are not able to consider the merits of Steele's argument as they rely on documents that are outside the scope of our review.

{¶14} Accordingly, Steele's assignment of error is overruled.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the Defiance Municipal Court.

*Judgments Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

[2] We note that on April 25, 2022, after the trial court denied his motions, Steele filed documents, which, despite being styled "Memorandum in Opposition to Plaintiff's Memorandum Opposing Defendant's Motion to Withdraw Plea" are properly characterized as improper motions for reconsideration.  Attached to these filings are a copy of the victim's affidavit and a portion of the law enforcement officer's report.  However, because Steele's motions for reconsideration, which were filed in concert with Steele's notices of appeal, were not properly before the trial court, we do not consider them.