[Cite as *State v. Evans*, 2024-Ohio-2679.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

 PLAINTIFF-APPELLANT,    CASE NO. 11-23-09

 v.

BILLY J. EVANS,       **O P I N I O N**

 DEFENDANT-APPELLEE.

Appeal from Paulding County Municipal Court
Trial Court No. TRC2301119

**Judgment Reversed and Case Remanded**

**Date of Decision:  July 15, 2024**

APPEARANCES:

 *Matthew A. Miller,* for Appellant

 *Timothy C. Holtsberry,* for Appellee

**WALDICK, J.**

{¶1} Plaintiff-appellant, State of Ohio ("the state"), appeals the December 1, 2023 judgment of the Paulding County Municipal Court, wherein the trial court granted a post-sentence motion filed by defendant-appellee, Billy J. Evans ("Evans"), seeking to withdraw his plea of guilty in this case. For the reasons set forth below, we reverse.

*Procedural Background*

{¶2} This matter stems from a July 16, 2023 traffic stop, by the Ohio State Highway Patrol, of a vehicle driven by Evans. As a result, on or about July 17, 2023, complaints were filed in the Paulding Municipal Court charging Evans with Operating a Vehicle Under the Influence of Alcohol or a Drug of Abuse ("OVI"), in violation of R.C. 4511.19(A)(1)(a), and a turn signal violation pursuant to R.C. 4511.39.

{¶3} On July 20, 2023, an arraignment was held. Evans pled not guilty and counsel was appointed to represent him.

{¶4} On August 3, 2023, Evans filed a motion to preserve all tangible evidence related to the case, including all audio, video, and mechanical evidence. In that same motion, Evans requested the opportunity to inspect, review, and copy all such evidence. On that same date, Evans also filed a request for discovery pursuant to Crim.R. 16.

{¶5} On August 17, 2023, a pretrial was held. The pretrial order filed by the trial court reflects that, at that time, both parties requested another pretrial, which was then set for September 22, 2023.

{¶6} On September 22, 2023, Evans failed to appear for the scheduled pretrial and a warrant was subsequently issued for his arrest.

{¶7} After Evans was located, another pretrial was scheduled to be held on October 10, 2023 but, on October 6, 2023, Evans requested a continuance of that pretrial date on the basis that he was starting a new job that same week. On October 10, 2023, the trial court granted Evans' motion for a continuance and rescheduled the pretrial for November 13, 2023.

{¶8} On November 13, 2023, the charges were resolved with a negotiated plea of guilty. Specifically, Evans pled guilty to the OVI charge and, in exchange, the state dismissed the turn signal violation. On that same date, the trial court sentenced Evans to three days in jail and a fine of $375.00. The judgment entry of conviction and sentence was filed by the trial court on that same date.

{¶9} On November 30, 2023, at 9:16 a.m., Evans filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. In support, the motion alleged:

> Defendant entered a plea of guilty pursuant to a plea negotiation. Defendant now believes he has not received from Plaintiff all discovery in this case and therefore, moves this Court to withdrawal [*sic*] his plea of guilty and that the Court enter not guilty pleas.

(11/30/23, Motion to Withdrawal [*sic*] Plea). The proof of service signed by Evans' attorney reflects that Evans served the motion on the state by mailing a copy of the same, via ordinary U.S. mail, on November 30, 2023.

{¶10} On December 1, 2023, at 10:25 a.m., the trial court filed a judgment entry finding, without elaboration, that Evans' motion was well taken and ordering that the previously tendered plea of guilty be withdrawn. The trial court further ordered that pleas of not guilty be entered on Evans' behalf.

{¶11} On December 5, 2023, the trial court filed a second judgment entry reflecting that Evans' motion to withdraw his guilty plea had been granted and scheduling a pretrial for January 8, 2024.

{¶12} On December 7, 2023, the State of Ohio filed a response to the plea withdrawal motion and a memorandum in support of the state's position opposing the withdrawal of the guilty plea. The state argued that Evans could not establish a manifest injustice, as required to withdraw the plea. The state represented that, after Evans filed the motion to withdraw his guilty plea, a conversation with Evans' attorney reflected that the defense claimed to have not received video footage of the traffic stop in discovery. The State of Ohio asserted that the video had been preserved by the Ohio State Highway Patrol and was provided to defense counsel via email on August 14, 2023. Accordingly, the state submitted that Evans' motion to withdraw his guilty plea was without merit as Evans had neither asserted nor demonstrated that a manifest injustice existed that permitted him to withdraw a

-4-

guilty plea pursuant to Crim.R. 32.1. For those reasons, the state requested that the trial court vacate its December 1, 2023 order granting Evans' motion to withdraw his guilty plea and then overrule the motion. Alternatively, the prosecution requested that the court vacate the December 1, 2023 judgment and set the matter for a hearing at which Evans would be required, pursuant to Crim.R. 32.1, to establish a manifest injustice.

{¶13} On December 7, 2023, Evans filed a reply to the state's response, in which defense counsel asserted that, while he had received an email from the state on August 14, 2023 concerning the video footage at issue, a link to the archived video footage had not been provided to defense counsel and therefore counsel did not have access to the video.

{¶14} The trial court took no further docketed action in the case regarding Evans' motion to withdraw his guilty plea and, on December 29, 2023, the State of Ohio filed a notice of appeal of the trial court's December 1, 2023 judgment, accompanied by a motion seeking leave to appeal that decision. On February 1, 2024, this Court granted leave to the state to appeal the judgment at issue.

{¶15} In the appeal now pending before this Court, the State of Ohio raises one assignment of error for our review.

## Assignment of Error

**The trial court abused its discretion in granting the defendant's post-sentencing motion to withdraw his guilty plea.**

{¶16} In the sole assignment of error, the State of Ohio asserts that the trial court erred in summarily granting Evans' motion to withdraw his guilty plea. The state argues that the trial court's judgment was an abuse of discretion because Evans' motion failed to allege, much less establish, that a manifest injustice exists that would justify post-sentence withdrawal of the guilty plea. The state also argues that the trial court abused its discretion in granting Evans' motion because the state was given no time to respond to the motion, and because no hearing was held on the motion.

{¶17} Upon review, this Court finds the State of Ohio's latter contentions to be well taken.

*Analysis*

{¶18} A trial court's ruling on a motion to withdraw a guilty plea will not be reversed in the absence of an abuse of discretion. *State v. Edwards*, 3d Dist. Union No. 14-23-11, 2023-Ohio-3213, ¶ 6. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158, 404 N.E.2d 144 (1980).

{¶19} Crim.R. 32.1 governs motions to withdraw guilty or no contest pleas, and provides:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶20}** As this Court outlined in *State v. Steele*, 3d Dist. Defiance Nos. 4-22-06, 4-22-07, 2023-Ohio-178, at ¶ 9:

A defendant seeking to withdraw a guilty or no-contest plea after sentencing bears the burden of demonstrating a "manifest injustice." *State v. James*, 3d Dist. Hancock No. 5-19-30, 2020-Ohio-720, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. The Supreme Court of Ohio has defined the manifest injustice standard as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). "'A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.'" *State v. Kimpel*, 3d Dist. Shelby No. 17-17-12, 2018-Ohio-2246, ¶ 16, quoting *Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463 (1970). "'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.'" *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, quoting *State v. Hartzell*, 2d Dist. Montgomery No. 17499, *2 (Aug. 20, 1999). Thus, under this standard, "a postsentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264.

**{¶21}** In *Steele*, *supra*, this Court also set forth the law as to when a hearing on a post-sentence motion to withdraw a guilty plea must be held:

"A hearing on a post-sentence motion to withdraw guilty [or no-contest] plea is not mandatory. It is required only 'if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn.'" *State v. Moore*, 3d Dist. Allen No. 1-11-29, 2012-Ohio-657, ¶ 13, quoting *State v. Hamed*, 63 Ohio App.3d 5, 7 (8th Dist.1989). Thus, before a defendant is entitled to a hearing on a post-sentence motion to withdraw a guilty or no contest plea, the trial court must determine that the allegations raised by the defendant, if true, constitutes a "manifest injustice." *State v. Smith*, 3d Dist. Hancock Nos. 5-21-05, 5-21-06, 5-21-07, and 5-21-08, 2022-Ohio-742, ¶ 21, citing *Moore* at ¶ 13. *See State v. Nawman*, 2d Dist.

Clark No. 2016-CA-43, 2017-Ohio-7344, ¶ 13 ("[N]o hearing is required on a post-sentence motion to withdraw a plea where the motion is supported only by the movant's own self-serving affidavit, at least when the claim is not supported by the record.").

*Id.*, at ¶ 10.

**{¶22}** In the instant case, we find that the trial court abused its discretion in two ways in summarily granting Evans' motion to withdraw his guilty plea.

**{¶23}** First, it was unreasonable and therefore an abuse of discretion for the trial court to rule on Evans' plea-withdrawal motion without allowing the State of Ohio a reasonable opportunity to respond. Evans filed the motion to withdraw his guilty plea on November 30, 2023, and the trial court granted the motion the very next day. That single day did not provide the prosecution any meaningful opportunity to respond to the motion. As this Court has noted in an analogous context involving a defense motion to dismiss, "'[u]ntil the other party has a reasonable opportunity to file a written response, there is no reasonable consideration by the court of the issues involved.'" *State v. Corrao*, 3d Dist. Union Nos. 14-15-14 – 14-15-18, 2015-Ohio-5052, ¶ 12, quoting *State v. Diehl*, 3d Dist. Union No. 14-89-30, 1991 WL 44166, *3 (Mar. 25, 1991).

**{¶24}** Second, the trial court erred in granting Evans' motion without first holding a hearing on the issues raised by that motion. When taken as a whole, the legal authority relating to Crim.R. 32.1 motions outlined above rather clearly supports the proposition that a hearing must be held before a post-sentence motion

to withdraw a guilty plea may be granted. In the absence of a hearing on a post-sentence Crim.R. 32.1 motion before the same is granted, a trial court has no evidentiary foundation upon which to base a decision that a defendant established the requisite manifest injustice, the state has no opportunity to present any evidence to rebut the defendant's claims, and a reviewing court has no record to consider in assessing any claim of error made on appeal with regard to the trial court's decision.

{¶25} As this Court finds that the procedural claims raised by the state require reversal of the trial court's judgment, we do not reach the issue of the substantive merit, or lack thereof, of Evan's motion to withdraw his guilty plea.

{¶26} The assignment of error is sustained.

*Conclusion*

{¶27} Having found error prejudicial to the appellant, State of Ohio, the judgment of the Paulding County Municipal Court is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

***Judgment reversed
and cause remanded.***

**WILLAMOWSKI, P.J., and ZIMMERMAN, J., concur.**