[Cite as *State v. Dennis*, 2018-Ohio-669.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.: 27593 |
| | : | |
| v. | : | T.C. NO. 16-CR-1961 |
| | : | |
| DENNIS L. BAKER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 23rd day of February, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ALICE PETERS, Atty. Reg. No. 93945, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, 301 W. Third Street, Fifth Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee


CHARLES SLICER III, Atty. Reg. No. 59927, 426 Patterson Road, Kettering, Ohio 45419
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the May 22, 2017 Notice of Appeal of

Dennis L. Baker.  Baker appeals from his judgment entry of conviction, following pleas

of no contest, to two counts of having weapons while under disability (prior drug conviction), in violation of R.C. 2923.13(A)(3), felonies of the third degree, and one count of tampering with evidence (alter/destroy), in violation of R.C. 2921.12(A)(1), also a felony of the third degree. The events giving rise to this matter occurred when Baker's fiancé, Elonda Lewis, died by suicide after shooting herself in the chest, and Baker concealed a second loaded weapon in their home from responding police officers. The court merged the offenses of having weapons while under disability and imposed a sentence of 24 months, as well as a sentence of 24 months for tampering with evidence, to be served concurrently, for a total sentence of 24 months. We hereby affirm the judgment of the trial court.

{¶ 2} Baker was indicted on August 31, 2016, and he pled not guilty on September 27, 2016. On March 23, 2017, Baker withdrew his pleas of not guilty and pled no contest to each offense. At the plea hearing, defense counsel indicated to the court that "we've had some plea discussion. Mr. Baker, what he's going to do is to tender pleas of no contest as charged in the indictment. No agreement with regard to sentencing or pre-sentence investigation." The court then ascertained that Baker was 41 years old, that he is able to read and write, that he was not under the influence of alcohol, drugs or medication, and that he was not currently on community control sanctions or post-release control. The court advised Baker of the nature of the charges against him and the penalties that could be imposed on each offense, namely "a prison term of 9, 12, 18, 24, 30 or 36 months on each of those three offenses." The court ascertained Baker's understanding thereof. The court advised Baker regarding post-release control. The court further advised Baker that he was eligible for community control, and the court

ascertained that no promises were made to Baker to induce his plea. The court advised Baker that a plea of no contest is "not an admission to your guilt but it's an admission of the truth of the facts contained in the indictment itself." The court engaged Baker in a thorough Crim.R. 11 colloquy, and the prosecutor read a statement of the charges. The court inquired whether Baker had the opportunity to discuss all aspects of his case with counsel, and Baker responded affirmatively. The court concluded as follows:

> The Court finds the defendant did appear in open court, and after being advised orally by the Court of the contents of the entry, waiver and plea of indictment, did sign his name; that he understood the waiver of giving up his constitutional rights and did so knowingly, intelligently, voluntarily waived those rights.

> The Court further finds the defendant understood the nature of the offense, the maximum penalties that could be imposed, that he is eligible for community control sanctions, may be required to pay a fine, restitution, court costs and other financial sanctions. Court further finds the defendant understood the effect of his plea, that the plea was made voluntarily, and that there is a factual basis for that plea.

> Sir, I am going to accept your plea of no contest, and at this time the Court finds that the prosecution has proven each and every element beyond a reasonable doubt, and the Court makes a finding of guilty based upon the facts of the indictment and the plea itself.

The court ordered a pre-sentence investigation report.

{¶ 3} On April 18, 2017, Defendant's Sentencing Memorandum was filed. The

memorandum provides that "there were two handguns recovered at the scene and Baker made statements indicating that while he had never before seen the gun used by Lewis, he was aware that there were guns * * * in the house." It further provides that Baker "panicked and made a poor decision in moving the [weapon]. He realizes that and knows he must suffer the consequences of his decisions." Baker requested community control sanctions.

{¶ 4} On April 19, 2017, Baker was sentenced. Baker spoke to the court at length about the circumstances that led to his charges and his belief that he should not be sentenced to prison. Baker indicated in part as follows:

Now, from the beginning, this whole scenario basically my longtime fiancé, she died. Now, that was a very tragic situation. You know, and I ain't going to lie. In a moment I reacted wrong, but I wasn't trying to break the law. I was trying to prevent breaking the law. Now, I know that seems backwards, but this is a narrative, you understand what I'm saying? Just like when it happened they made it seem like I shot her. You understand what I'm saying? This is a narrative.

I was just in a bad scenario. And I didn't know what to do. At the time, the woman I been living with for 15 years was dying, and I didn't know how to react or what was going on. What I didn't want to do was be right where I am here in trouble behind some guns I had no knowledge of. I had not been home for three days. I was out of town. I hadn't been home a[n] hour. I hadn't been in the room in which all this tooken (sic) place at all. You understand what I'm saying?

I was in a very bad scenario. One of the most tragic days of my life. In that day, I lost my wife, my job, my home and all my worldly possessions because - - she committed suicide. I didn't want to be a part of this. You know, and it's not like I was trying to do this anymore. That's why I got a job. * * *

I have been caught with a gun before. It was in 1997. What I'm trying to tell you is that for this to be a thing about me going to prison or anything like that, there's nothing to be gained from this. I can't be rehabilitated from her suicide.

* * *

THE DEFENDANT: Well, truthfully here for me to do - - I don't like to turn the way he told me how this was all going to resolve. They offered me two years from the beginning. I didn't want it. I feel like it's not - - it's not justice.[1] There's no justice in it. There's no justice in sending me to prison for this. There's nothing to gain. I'm not going to be rehabilitated. There's nothing to rehabilitate me from. She killed herself. I made a bad mistake in a bad scenario. You know what I'm saying? If it weren't for the narrative they made, they wanted to make it seem like I killed her. Most people would feel sorry for me. I'm pretty sure you're married. And I'm pretty sure if your wife had a similar scenario, the last thing you would want to be done is punished.

{¶ 5} The following exchange occurred:

---

[1] These statements by Baker reveal a knowledge of the imminent two-year sentence.

THE COURT:   * * *

Mr. Baker, the Court hears exactly what you have said, and it's not without empathy that I have for you.   I know you went through something tragic, but the sentence of the Court has really nothing to do with the death. It's the fact that you were a convicted felon and you were in possession of a weapon, and you tried to hide evidence of that, and that's the reason that I'm doing what I'm doing.

I have considered the purposes and principles of sentencing in the Ohio Revised Code 2929.11, and the seriousness and recidivism factors in 2929.12.

MR. PENTECOST:   Your Honor, if I may interrupt.   Excuse me. Mr. Baker has indicated that before you actually impose sentence he would like to request to withdraw his plea.

THE COURT:   There's no motion before the Court, and you certainly can file any motion that you wish to, Mr. Pentecost.

MR. PENTECOST:   (Indiscernible – background noise) while we're on the record.

THE COURT:   That's fine.   I will consider it duly filed, but I'm not going to consider it until it's before me in writing.

Mr. Baker, I also take into account that this was your seventh felony conviction and your history shows a pattern of weapon ownership and guns. You knew you weren't supposed to have guns, and somehow or other there's a gun in the house that you actually tried to hide.

The court then proceeded to sentence Baker.

{¶ 6} Baker asserts two assignments of error herein which we will consider together.   They are as follows:

DEFENDANT-APPELLANT CONTENDS THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION BY FAILING TO HOLD A HEARING ON HIS PRE-SENTENCE MOTION TO WITHDRAW HIS NO CONTEST PLEA.

And,

DEFENDANT-APPELLANT CONTENDS THE TRIAL COURT ERRED BY DENYING MR. BAKER THE RIGHT TO DUE PROCESS BY NOT GIVING FULL AND FAIR CONSIDERATION TO THE DEFENDANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEA.   ["SUCH HEARING MUST COMPLY WITH THE MINIMUM STANDARDS OF DUE PROCESS, I.E., MEANINGFUL NOTICE AND AN OPPORTUNITY TO BE HEARD." *STATE V. ROBINSON*, 8TH DIST. CUYAHOGA NO. 89651, 2008-OHIO-4866, ¶ 24, *CITING FUENTES V. SHEVIN*, 407 U.S. 67, 80, 92 S.CT. 1983, 32 L.ED.2D 556 (1972)].

{¶ 7} Baker asserts that he "had no opportunity to be heard on the reasoning for withdrawing his plea, nor did he have the opportunity to present evidence or testimony to support his motion.  By overlooking Mr. Baker's motion without a proper hearing and proceeding with sentencing, the court erroneously denied Mr. Baker due process." Baker directs our attention to *State v. Bush*, 2d Dist. Clark Nos. 2015-CA-39-42, 2016-Ohio-5536.

{¶ 8} The State responds that "Baker's oral motion to withdraw his no contest pleas was made in the middle of his sentencing hearing and while the trial court was already in the process of imposing his sentence. The trial court advised Baker and his counsel that he could file a motion, but the court would not consider it until it was before the court in writing." The State notes that Baker failed to file a written motion to withdraw his pleas, and that "Baker provided no basis for his request to withdraw his pleas. Consequently, Baker failed to properly raise this issue before the trial court. He also failed to request a continuance or to object to the trial court continuing with sentencing."

{¶ 9} According to the State, since "Baker made his oral motion to withdraw his pleas after the trial court indicated that it was going to sentence him to prison, his motion should be analyzed under the post-sentence standard." The State argues that "Baker failed to meet his burden of establishing manifest injustice. He failed to provide the trial court with *any* specific reason for his request to withdraw his pleas." The State asserts that there "is nothing in the record to indicate that Baker's request to withdraw his pleas was anything more than a change of heart after learning that he would be sentenced to prison time rather than community control sanctions." The State argues that Baker's assigned errors are subject to plain error review due to his failure to object to the trial court's proceeding with sentencing after he requested to withdraw his pleas.

{¶ 10} Crim.R. 32.1 governs the withdrawal of guilty pleas and provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 11} Before addressing the merits of Baker's argument, we must determine the

standard applicable to his oral motion to withdraw his pleas. As this Court has previously noted:

> Although "a presentence motion to withdraw a guilty plea should be freely and liberally granted[,] * * * a defendant does not have an absolute right to withdraw a plea prior to sentencing." *State v. Xie,* 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). In such situations, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* Furthermore, "[a]bsent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." *Id.*
>
> In contrast, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. The Supreme Court of Ohio has defined "manifest injustice" as " 'a clear or openly unjust act.' " *State ex rel. Schneider v. Kreiner,* 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), quoting *Webster's Third New International Dictionary* 1164, 1375 (1986).
>
> The Supreme Court of Ohio has also stressed that post-sentence withdrawal "is allowable only in extraordinary cases." (Citation omitted.) *Smith* at 264. Furthermore, "[a] motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.* at paragraph two of the

syllabus.

*State v. Berry*, 2d Dist. Greene No. 2013-CA-34, 2014-Ohio-132, ¶ 26-28.

**{¶ 12}** As this Court has further noted:

When a defendant discovers before sentencing the particular sentence a trial court intends to impose, we have held that a pre-sentence motion to vacate his plea ordinarily should be treated as a post-sentence motion. This is so because a defendant cannot test the sentencing waters and then move to vacate his plea just before sentencing if he receives an unpleasant surprise. *State v. Wallen*, Montgomery App. No. 21688, 2007-Ohio-2129, ¶ 22.

*State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, ¶ 8.

**{¶ 13}** "Moreover, an evidentiary hearing is not required on every post-sentence motion to withdraw a plea. The movant must establish a reasonable likelihood that withdrawal of his plea is necessary to correct a manifest injustice before a trial court must hold a hearing on his motion. *State v. Humphrey*, Montgomery App. No. 19243, 2002-Ohio-6525 at ¶ 42." *State v. Stewart*, 2d Dist. Greene No. 2002-CA-28, 2004-Ohio-3574, ¶ 6.

**{¶ 14}** We initially note that Baker's reliance upon *Bush* is misplaced. Therein, Bush pled guilty to multiple charges in exchange for the dismissal of others, and the matter was set for sentencing. *Id.*, ¶ 3-4. Bush failed to appear for sentencing and was apprehended in Maryland five months later. *Id.*, ¶ 5. At his subsequent sentencing hearing, "defense counsel advised the court that his client wanted to discharge him and have a public defender appointed to pursue a motion to withdraw his plea in three of the

four cases. Before Bush was given an opportunity to testify or speak, the trial court denied the request." *Id.* When asked if he had anything to say prior to sentencing, "Bush explained that the reason for his desire to withdraw the plea was his belief that the victim of some of the offenses had changed her story and that he had other information about the offense that would provide a defense. He also stated that he had paperwork to prove everything, but no documents were entered into evidence, and no witnesses were called." *Id.*

{¶ 15} This Court applied the pre-sentence standard of review to Bush's motion to withdraw his plea and concluded that the trial court abused its discretion in failing to conduct a hearing on Bush's motion. *Id.*, ¶ 9. This Court determined as follows:

> * * * Since the ultimate question is whether Bush has a "reasonable and legitimate basis" to withdraw his plea, other than a change of heart, we examine the record made at the sentencing hearing to determine if Bush was given an adequate opportunity to establish the factual basis for his motion. Although Bush was given an opportunity to explain the basis for his motion, he was not provided the opportunity to give sworn testimony, and neither defense counsel nor the prosecutor was given any opportunity to present evidence. Bush referred to documents as evidence for his position, but he was not given the opportunity to present any documentary evidence. * * *
>
> Bush's factual assertions focused on one of the victim's alleged recantations of certain facts she had alleged concerning the domestic dispute, but Bush was not given any opportunity to call any witnesses to

develop or verify his factual allegations. Although it is not clear whether his factual allegations would provide Bush with a valid defense to the charges, this lack of clarity is the very reason why a full evidentiary hearing was necessary. On this record, it is not possible for us to determine whether the reason for Bush's desire to withdraw his plea was merely a change of heart, or based on a reevaluation of available valid defenses because of a change in witness testimony.

Accordingly, we find that the trial court abused its discretion by failing to postpone the sentencing hearing and to set the request to withdraw the plea for an evidentiary hearing prior to sentencing. * * *

*Id.*, 12-14.

{¶ 16} Unlike in *Bush*, we conclude that the post-sentence standard applies herein, and that Baker failed to meet his burden of proving manifest injustice. In other words, we conclude that Baker had a change of heart upon learning that the court intended to impose a prison sentence, and a change of heart does not rise to the level of manifest injustice. Baker made clear in his presentence memorandum and at his plea hearing that he did not believe that a prison term was warranted due to the tragic circumstances surrounding his offenses. He initially did not indicate that he wanted to withdraw his pleas. However, once the court indicated to Baker that "the sentence of the Court has really nothing to do with the death," and that it considered the purposes and principles of sentencing in R.C. 2929.11 and the serious and recidivism factors in R.C. 2929.12, Baker recognized his plea for community control had been rejected and that the court intended to impose a prison sentence. He immediately interrupted the sentencing

hearing to request to withdraw his pleas, without providing any basis for their withdrawal. The court advised Baker that he was free to file a written motion to withdraw his pleas, which the court would consider, and he elected not to do so. In contrast, Bush advised the court that his factual allegations would provide a valid defense to his charges, and the court was accordingly required to determine whether there was a reasonable and legitimate basis for the withdrawal of his plea at a hearing. Unlike in *Bush*, Baker acknowledged his wrongdoing herein, and no hearing was required. Since no clear or openly unjust act appears in the record herein, we conclude that this is not an extraordinary case warranting the post-sentence withdrawal of Baker's pleas. Baker's assigned errors are accordingly overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Alice Peters
Charles Slicer III
Hon. Dennis J. Adkins