**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Johnson v. Moore,* **Slip Opinion No. 2017-Ohio-2792.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-2792

JOHNSON, APPELLANT, *v.* MOORE, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Johnson v. Moore,* Slip Opinion No. 2017-Ohio-2792.]**

*Habeas corpus—Failure to state a viable claim—Prisoner not entitled to immediate release—Court of appeals' dismissal of petition affirmed.*

(No. 2016-0646—Submitted February 28, 2017—Decided May 16, 2017.)

APPEAL from the Court of Appeals for Warren County,

No. CA2016-02-011.

_____

**Per Curiam.**

{¶ 1} Appellant, Ronald G. Johnson, appeals the judgment of the Twelfth District Court of Appeals dismissing his petition for a writ of habeas corpus. We affirm.

{¶ 2} Johnson was on parole from a 7- to 25-year sentence imposed in 1987 in the Montgomery County Court of Common Pleas when he was arrested in 2005 in Fayette County. He was subsequently convicted of offenses committed in

Fayette, Montgomery, Adams, Highland, and Madison Counties and was sentenced in the courts of common pleas of those counties. He received an aggregate prison term of 12 years as to all of the new offenses.

{¶ 3} Seeking an order granting his immediate release, Johnson argues that the Department of Rehabilitation and Correction ("DRC") improperly calculated his total sentence by adding the 12-year term he received after his arrest while on parole to the 7- to 25-year sentence imposed in 1987. He contends that DRC's action in running the 12-year aggregate term consecutively to the indefinite term violated his right to be free from double jeopardy. Johnson reasons that had the improper calculation not occurred, he would have been entitled to be released from prison no later than October 10, 2015. In a passing reference, Johnson also contends that DRC violated his rights to due process and equal protection by taking him into custody following his 2005 arrest without the "required on-site hearing."

{¶ 4} Johnson attached to his petition the sentencing entries from the Montgomery, Fayette, Adams, Highland, and Madison County Courts of Common Pleas. He also attached a letter dated October 24, 2007, from the Bureau of Sentence Computation ("BOSC") explaining how his various sentences were applied to determine the date of the expiration of his maximum sentence. As of the date of BOSC's letter, Johnson's maximum-sentence release date was calculated to be August 27, 2024.

{¶ 5} Appellee, Warden Ernie Moore, moved the court of appeals to dismiss Johnson's petition on several different grounds. The court of appeals dismissed the petition on the basis of res judicata, noting that Johnson had filed "virtually the same habeas corpus petition" in the Warren County Court of Common Pleas in December 2015.

{¶ 6} We agree with Johnson that the court of appeals erred by dismissing his habeas corpus petition on the basis of res judicata. Res judicata is not among

the affirmative defenses that may be raised in a Civ.R. 12(B) motion to dismiss. *Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E.3d 1036, ¶ 9-10.

{¶ **7**} However, "we will not reverse a correct judgment merely because of an erroneous rationale." *State ex rel. Gilmore v. Mitchell*, 86 Ohio St.3d 302, 303, 714 N.E.2d 925 (1999). Johnson's petition was properly dismissed because it fails to state a claim. "When a sentencing court imposes a definite term of imprisonment consecutively to an indefinite term, the Ohio Administrative Code requires the prisoner to serve the definite term first, followed by the indefinite term." *Jones v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 16AP-138, 2016-Ohio-5425, ¶ 16; Ohio Adm.Code 5120-2-03.2(E). As the 2007 letter from BOSC indicates, Johnson's maximum term will not expire until 2024. Until that time, any claim for immediate release is unripe. In addition, his other claims are not cognizable in habeas corpus. *Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 3 (due process); *Elersic v. Wilson*, 101 Ohio St.3d 417, 2004-Ohio-1501, 805 N.E.2d 1127, ¶ 3 (double jeopardy); *Thomas v. Huffman*, 84 Ohio St.3d 266, 267, 703 N.E.2d 315 (1998) (equal protection).

{¶ **8**} Therefore, we affirm the judgment of the Twelfth District Court of Appeals dismissing Johnson's petition for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, and DEWINE, JJ., concur.

FISCHER, J., not participating.

_____

Ronald G. Johnson, pro se.

Michael DeWine, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.

_____