[Cite as *State ex rel. Johnson v. Bur. of Sentence Computation*, 2018-Ohio-4338.]
IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Ronald G. Johnson, | : | |
| Petitioner, | : | |
| v. | : | No. 18AP-351 |
| Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on October 25, 2018

*Ronald G. Johnson,* pro se.

*Michael DeWine,* Attorney General, and *Stephanie L. Watson,* for respondent.

IN HABEAS CORPUS/MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

TYACK, J.

{¶ 1} Ronald G. Johnson filed this original action seeking writs of mandamus and habeas corpus. In accord with Loc.R. 13(M) of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings.

{¶ 2} The magistrate reviewed the complaint filed by inmate Johnson and noted that he has filed in the wrong court to the extent he is seeking a writ of habeas corpus. Johnson must pursue a writ of habeas corpus in a court which has jurisdiction over his place of incarceration. Johnson is incarcerated in Mahoning County. To the extent that his complaint seeks a writ of habeas corpus, that portion of the complaint must be dismissed.

{¶ 3}    Turning to the portion of the complaint requesting a writ of mandamus, the Supreme Court of Ohio recently ruled in *Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, that the Bureau of Sentence Computation had acted appropriately in finding

{¶ 4}    that this inmate must serve the definite term sentences ordered before starting to serve his indefinite sentences.  The Supreme Court of Ohio found that Johnson's maximum term will not expire until 2024.

{¶ 5}    Our magistrate issued a magistrate's decision reflecting the above.  Johnson has filed objections to the magistrate's decision.  His objections argue that the Supreme Court of Ohio was wrong.

{¶ 6}    We are not in a position to overrule or overturn a ruling of the Supreme Court of Ohio.  We, therefore, adopt the findings of fact and conclusions of law in the magistrate's decision, overruling Johnson's objections.

{¶ 7}    As a result of the foregoing, we dismiss the portion of Johnson's complaint which seeks a writ of habeas corpus and deny the request for a writ of mandamus.

*Objections overruled;*
*habeas corpus dismissed; writ denied.*

KLATT and SADLER, JJ., concur.

# A P P E N D I X

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Ronald G. Johnson, | : | |
| Petitioner, | : | |
| v. | : | No. 18AP-351 |
| Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

**Rendered on July 26, 2018**

*Ronald G. Johnson,* pro se.

*Michael DeWine,* Attorney General, and *Stephanie L. Watson,* for respondent.

### IN HABEAS CORPUS/MANDAMUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 8} Petitioner, Ronald G. Johnson, has filed this original action requesting this court issue writs of mandamus and habeas corpus ordering respondent, Bureau of Sentence Computation ("BSC"), to properly calculate his sentences and immediately release him from incarceration because "[a]ll terms of imprisonment imposed by all sentencing courts have expired as of June 14, 2018."

Findings of Fact:

{¶ 9}   1. Petitioner is an inmate currently incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio, which is within Mahoning County, Ohio.

{¶ 10}  2.  Although petitioner names only the BSC as the respondent, the warden of the Northeast Ohio Correctional Center in Youngstown, Ohio is the proper respondent in the habeas corpus case.  BSC is the proper respondent in the mandamus case.

{¶ 11}  3. Petitioner filed this petition for a writ of habeas corpus in the Tenth District Court of Appeals located in Franklin County, Ohio on May 18, 2018.

{¶ 12}  4. On June 6, 2018, an assistant attorney general for the state of Ohio filed a motion to dismiss on behalf of respondent asserting that, pursuant to R.C. 2725.03, this court lacks jurisdiction over the instant petition for a writ of habeas corpus because petitioner filed this action in an appellate district in which he is not incarcerated.

{¶ 13}  5. On June 27, 2018, petitioner filed a motion to amend his complaint by removing his request for a writ of habeas corpus.  As such, petitioner asserts he would only be challenging the BSC's computation of his sentences and will establish that, as of June 14, 2018, he has fully served all sentences and should be released from custody.

Conclusions of Law:

{¶ 14}  Even if this court grants petitioner's motion to amend, the end result he seeks is to be released from incarceration.  Regardless, the magistrate finds this court should grant respondent's motion and dismiss this complaint not only as to petitioner's request for a writ of habeas corpus, but also as to petitioner's request for a writ of mandamus ordering BSC to correctly calculate his sentences to reflect that, as of June 14, 2018, he has fully served his sentences.

{¶ 15}  A writ of habeas corpus is an extraordinary remedy that is available only in cases "where there is an unlawful restraint of a person's liberty and no adequate remedy at law." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980.

{¶ 16}  R.C. 2725.03 provides:

> If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or

judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

{¶ 17} Because petitioner is not incarcerated in Franklin County, this court lacks jurisdiction to consider his petition for a writ of habeas corpus pursuant to R.C. 2725.03. *See also Brown v. Hall,* 123 Ohio St.3d 381, 2009-Ohio-5592 and *Goudlock v. Voorhies,* 119 Ohio St.3d 398, 2008-Ohio-4787. As such, it is this magistrate's decision that, because this court lacks jurisdiction over the subject matter, respondent's motion to dismiss should be granted.

{¶ 18} Even if petitioner's habeas action is dismissed, he asserts he still has a viable cause of action against the BSC for inaccurately calculating his sentences and causing him to remain incarcerated beyond the expiration date of his sentences.

{¶ 19} Recently, in *Johnson v. Moore,* 149 Ohio St.3d 716, 2017-Ohio-2792, the Supreme Court of Ohio reviewed a decision from the Tenth District Court of Appeals which had dismissed this same petitioner's habeas corpus action on the basis of res judicata. Although the court found that dismissal on grounds of res judicata was inappropriate, the court affirmed after concluding:

Johnson's petition was properly dismissed because it fails to state a claim. "When a sentencing court imposes a definite term of imprisonment consecutively to an indefinite term, the Ohio Administrative Code requires the prisoner to serve the definite term first, followed by the indefinite term." *Jones v. Dep't. of Rehab. & Corr.,* 10th Dist. Franklin No. 16AP-138, 2016-Ohio-5425, ¶ 16; Ohio Adm.Code 5120-2-03.2(E). As the 2007 letter from BOSC indicates, Johnson's maximum term will not expire until 2024.

*Id.* at ¶ 7.

{¶ 20} As above concluded by the Supreme Court, petitioner's maximum term will not expire until 2024. Petitioner is not entitled to a writ of mandamus because it has been determined that BSC has properly calculated his sentence.

{¶ 21} As such, finding this court lacks jurisdiction over the habeas corpus action and further finding petitioner's mandamus claim is barred by res judicata, this court should grant respondent's motion and dismiss this case.

/S/ MAGISTRATE
STEPHANIE BISCA

### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).