[Cite as *State v. Johnson*, 2019-Ohio-1801.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                              :
                                           :
        Plaintiff-Appellee                 :    Appellate Case No. 28162
                                           :
v.                                         :    Trial Court Case No. 2004-CR-2082
                                           :
RONALD G. JOHNSON                          :    (Criminal Appeal from
                                           :     Common Pleas Court)
        Defendant-Appellant                :
                                           :

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of May, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

RONALD G. JOHNSON, #518-770, 2240 Hubbard Road, Youngstown, Ohio 44505
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Ronald Johnson appeals pro se from a judgment of the trial court overruling his motion to vacate judgment and motion for subpoena. Finding no error, we affirm.

### I. Procedural History

{¶ 2} In 1987, Johnson was sentenced to 7-25 years in prison for voluntary manslaughter in the Montgomery County Court of Common Pleas. While on parole, he was convicted of offenses committed in Montgomery, Fayette, Adams, Highland, and Madison Counties and was sentenced in the courts of common pleas in those counties. In the Montgomery County case, Johnson was sentenced to community control. In 2007, he violated the conditions of his community control, community control was revoked, and he was sentenced to a total of 5 years in prison. The trial court ordered Johnson to serve this sentence consecutive to any other sentences. Along with the sentences imposed in the other counties, the result was an aggregate prison term of 12 years for all the new offenses.

{¶ 3} Johnson filed numerous pro se motions with the trial court in the present case, many of which sought to modify his sentence and all of which were overruled. In particular, he filed a "Motion to Vacate Judgment on 5-yr. consecutive term Served from 8/29/2019 until 8/19/2024" in July 2018 and a "Subpoena for Records from the Bureau of Sentence Computation." In the motion to vacate, Johnson contended that he had already served the 5-year term and that the Bureau of Sentence Computation (BSC) improperly computed his sentence by adding the 5-year term to the maximum of his 7-to-25-year prison term, rather than to the minimum of that term. The motion for subpoena asked the trial court to issue the BSC a subpoena for records that, Johnson said, "will provide

admissible evidence" in support of his argument. The trial court overruled both motions.

**{¶ 4}** Johnson appeals.

## II. Analysis

**{¶ 5}** Johnson appears to present the following seven interrelated assignments of error challenging the trial court's decision overruling his two motions:

Honorable Judge Steven K. Dankof errored in concluding the motion to vacate the Judgment on the duplicate consecutive definite term is a challenge to the computation of sentences.

Honorable Judge Steven K. Dankof errored in not using his Judicial Authority to determine the 5-year of imprisonment [sic] is fully satisfied as of 6/14/2018.

Honorable Judge Steven K. Dankof errored in citing the 2017 *Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967 case as basis for his overruling the motion to vacate Judgment.

Honorable Judge Steven K. Dankof errored in using the cited case *Johnson v. Moore* (2012) to determine the Ohio Administrative Code is definite to indefinite sentencing guidelines.

Honorable Judge Steven K. Dankof errored in not granting the motion for subpoena.

Honorable Judge Steven K. Dankof errored in not granting the motion to vacate the Judgment of the duplicate consecutive definite term served from 8/29/2019 expiring on 8/19/2024.

Honorable Judge Steven K. Dankof errored in failing to use his

Judicial Authority to determine the merits of the satisfied Judgment order on Montgomery County case # 2004-CR-2082.

**{¶ 6}** Johnson's motion to vacate judgment sought a ruling that he had already served the five-year prison term that he is to serve from August 29, 2019, to August 19, 2024, and that the BSC incorrectly computed his sentence. The trial court concluded that the motion to vacate was not the proper way to challenge the sentence computation. We agree. The trial court had no authority to address the BSC's calculation of Johnson's sentence, and the court properly concluded that Johnson's motion in this criminal case was not the proper avenue for challenging the BSC's calculation of his sentence. *See State v. Armstrong*, 2d Dist. Montgomery No. 27413, 2018-Ohio-191, ¶ 8.

**{¶ 7}** The trial court further concluded that, even if it could address the sentence calculation, Johnson's argument would fail because the Ohio Supreme Court has already found that his maximum term will not expire until 2024. The Court affirmed the Twelfth District's dismissal of Johnson's petition for a writ of habeas corpus in *Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967, concluding: "Johnson's petition was properly dismissed because it fails to state a claim. 'When a sentencing court imposes a definite term of imprisonment consecutively to an indefinite term, the Ohio Administrative Code requires the prisoner to serve the definite term first, followed by the indefinite term.' *Jones v. Dep't. of Rehab. & Corr.*, 10th Dist. Franklin No. 16AP-138, 2016-Ohio-5425, ¶ 16; Ohio Adm.Code 5120-2-03.2(E). As the 2007 letter from BOSC indicates, Johnson's maximum term will not expire until 2024." *Moore* at ¶ 7.

**{¶ 8}** We note too that the Tenth District Court of Appeals has cited *Moore* to dismiss Johnson's challenge in that court to the BSC's computation of his sentence.

Johnson filed an original action in the Tenth District "requesting th[at] court issue writs of mandamus and habeas corpus ordering respondent, Bureau of Sentence Computation ('BSC'), to properly calculate his sentences and immediately release him from incarceration because '[a]ll terms of imprisonment imposed by all sentencing courts have expired as of June 14, 2018.' " *State ex rel. Johnson v. Bur. of Sentence Computation*, 10th Dist. Franklin No. 18AP-351, 2018-Ohio-4338, ¶ 8. The appellate court concluded that it did not have jurisdiction to consider the petition for a writ of habeas corpus. As for the writ of mandamus, the court noted that *Moore* had ruled that the BSC "had acted appropriately in finding that this inmate must serve the definite term sentences ordered before starting to serve his indefinite sentences. The Supreme Court of Ohio found that Johnson's maximum term will not expire until 2024." *Id.* at ¶ 3-4. So the appellate court concluded that Johnson was "not entitled to a writ of mandamus because it has been determined that BSC has properly calculated his sentence." *Id.* at ¶ 20. "We are not in a position," said the court, "to overrule or overturn a ruling of the Supreme Court of Ohio." *Id.* at ¶ 6.

{¶ 9} As for Johnson's motion seeking to subpoena BSC records in support of his argument to vacate judgment, the trial court pointed out that the right to compulsory process is a trial right and that no trial or any other proceeding was pending. The court also cited *Moore*'s finding that the BSC had properly calculated Johnson's sentence. We agree with the trial court. There is no right to have a court subpoena documents when the court's jurisdiction has not been properly invoked. And in any event, the BSC records are immaterial to the trial court's decision.

### III. Conclusion

{¶ 10} The trial court did not err by overruling either of Johnson's motions, and all of the assignments of error are overruled. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Ronald G. Johnson
Hon. Steven K. Dankof