[Cite as *State v. Johnson*, 2019-Ohio-3119.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                           :
                                        :
        Plaintiff-Appellee              :   Appellate Case No. 28249
                                        :
v.                                      :   Trial Court Case No. 2004-CR-2082
                                        :
RONALD G. JOHNSON                       :   (Criminal Appeal from
                                        :   Common Pleas Court)
        Defendant-Appellant             :
                                        :

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of August, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

RONALD G. JOHNSON, Inmate No. A518-770, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio 44505
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant, Ronald G. Johnson, believes that the Ohio Bureau of Sentence Computation (BSC) has incorrectly calculated the maximum expiration date of his prison sentence. This belief has generated significant litigation, with all of the litigation resulting in a conclusion adverse to Johnson's position. At issue in this appeal are motions styled as a "Crim.R. 35/Crim.R. 19 Order of Clarification" and as a "Request for Declaration Judgment." In one decision and order, the trial court overruled the motions, and Johnson appeals. The trial court's order will be affirmed.

## Facts and Procedural History

{¶ 2} In 1987, Johnson was convicted of voluntary manslaughter and sentenced to an indefinite prison term of 7-25 years. While on parole for the voluntary manslaughter conviction, Johnson was convicted of various offenses in several counties, including a conviction in the trial court for burglary and receiving stolen property. As a result of these convictions, Johnson was sentenced to an aggregate and definite 12-year prison term, his parole status was revoked, and the 12-year prison term was ordered to be served consecutively to the remaining voluntary manslaughter sentence.

## Analysis

{¶ 3} BSC has calculated that Johnson's maximum prison term will end in August 2024. Johnson takes issue with this calculation, but, as we recently stated in a previous appeal filed by Johnson on the same issue, "the trial court had no authority to address BSC's calculation of Johnson's sentence * * *." *State v. Johnson*, 2d Dist. Montgomery

No. 28162, 2019-Ohio-1801, citing *State v. Armstrong*, 2d Dist. Montgomery No. 27413, 2018-Ohio-191, ¶ 18.   The trial court, therefore, correctly concluded that it was without authority to address Johnson's argument regarding the BSC sentencing calculation.

{¶ 4} Further, Johnson's argument fails "because the Ohio Supreme Court has already found that his maximum term will not expire until 2024.   The Supreme Court affirmed the 12th District's dismissal of Johnson's petition for a writ of habeas corpus in *Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967, concluding: 'Johnson's petition was properly dismissed because it fails to state a claim.   When a sentencing court imposes a definite term of imprisonment consecutively to an indefinite term, the Ohio Administrative Code requires the prisoner to serve the definite term first, followed by the indefinite term.   As the 2007 letter from [BSC] indicates, Johnson's maximum term will not expire until 2024.' "   *Id.* at ¶ 7, quoting *Johnson v. Moore* at ¶ 7, quoting *Jones v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 16AP-138, 2016-Ohio-5425, ¶ 16, citing Ohio Adm.Code 5120-2-03(E).   Thus, Johnson's argument fails for both procedural and substantive reasons.

**Conclusion**

{¶ 5} The trial court did not err by overruling Johnson's motions.   Thus, the trial court's order is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Ronald G. Johnson
Hon. Steven K. Dankof