[Cite as *State v. Johnson*, 2020-Ohio-1307.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28503 |
| | : | |
| v. | : | Trial Court Case No. 2004-CR-2082 |
| | : | |
| RONALD G. JOHNSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of April, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

RONALD G. JOHNSON, Inmate No. 518-770, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio 44505
     Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Ronald G. Johnson, appeals from two trial court orders overruling ten separately filed, but interrelated, motions. The trial court did not err by overruling the motions. Thus, the trial court's judgments will be affirmed.

**Facts and Procedural History**

{¶ 2} Johnson holds the seemingly sincere and fervent belief that the Ohio Bureau of Sentence Computation (BSC) has incorrectly calculated the maximum expiration date of his prison sentence. This belief has prompted Johnson to litigate this issue in the trial court, this court, the Twelfth District Court of Appeals, the Tenth District Court of Appeals, and the Ohio Supreme Court. This litigation has been unsuccessful, but these failures have not curtailed Johnson's efforts to establish that his incarceration is unlawful, with the pending litigation being the latest iteration.

{¶ 3} We have previously set forth the facts and law regarding Johnson's sentence as follows:

In 1987, Johnson was convicted of voluntary manslaughter and sentenced to an indefinite prison term of 7-25 years. While on parole for the voluntary manslaughter conviction, Johnson was convicted of various offenses in several counties, including a conviction in the trial court for burglary and receiving stolen property. As a result of these convictions, Johnson was sentenced to an aggregate and definite 12-year prison term, his parole status was revoked, and the 12-year prison term was ordered to be served consecutively to the remaining voluntary manslaughter sentence.

BSC has calculated that Johnson's maximum prison term will end in August 2024. Johnson takes issue with this calculation, but, as we recently

stated in a previous appeal filed by Johnson on the same issue, "the trial court had no authority to address BSC's calculation of Johnson's sentence * * *." *State v. Johnson*, 2d Dist. Montgomery No. 28162, 2019-Ohio-1801, citing *State v. Armstrong*, 2d Dist. Montgomery No. 27413, 2018-Ohio-191, ¶ 18. The trial court, therefore, correctly concluded that it was without authority to address Johnson's argument regarding the BSC sentencing calculation.

Further, Johnson's argument fails "because the Ohio Supreme Court has already found that his maximum term will not expire until 2024. The Supreme Court affirmed the 12th District's dismissal of Johnson's petition for a writ of habeas corpus in *Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967, concluding: 'Johnson's petition was properly dismissed because it fails to state a claim. When a sentencing court imposes a definite term of imprisonment consecutively to an indefinite term, the Ohio Administrative Code requires the prisoner to serve the definite term first, followed by the indefinite term. As the 2007 letter from [BSC] indicates, Johnson's maximum term will not expire until 2024.' " *Id.* at ¶ 7, quoting *Johnson v. Moore* at ¶ 7, quoting *Jones v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 16AP-138, 2016-Ohio-5425, ¶ 16, citing Ohio Adm.Code 5120-2-03(E).

*State v. Johnson*, 2d Dist. Montgomery No. 28249, 2019-Ohio-3119, ¶ 2-4.

**{¶ 4}** The pending appeal involves two trial court decisions, filed on the same day, overruling ten motions Johnson had filed. The motions were styled as follows:

1. February 13, 2019 Motion for Satisfaction of Judgment Order Rendering the 5 Year Sentence Satisfied;

2. March 22, 2019 Motion for Delayed Appeal; Request for Appeal Counsel to be Appoint[ed], and Motion for Leave;

3. March 22, 2019 Motion for Post-Conviction Relief Pursuant to ORC 2953.21;

4. March 27, 2019 Petition to Vacate or Set Aside Judgment or Sentence Evidentiary Hearing Requested;

5. April 3, 2019 Motion for Records;

6. April 9, 2019 Motion for Counsel Reconsideration;

7. April 12, 2019 Motion for Summary Judgment, Motion for Suspension of Sentence and Post-Conviction Release, and Motion for Counsel to be Assigned;

8. May 23, 2019 Motion for Pro Tunc Amended Judgment Entry;

9. June 3, 2019 Motion for Nunc Pro Tunc Amended Judgment Entry Vacating the Consecutive Imposed Term and the Post Release Control Sanction that were Imposed without the Mandated, Statutory Findings; and

10. April 18, 2019 motion for Ohio Civ.R. 60(B)(3), (4), and (5) Relief from Judgment.

The trial court, as noted, overruled each motion, and this appeal followed.

## Analysis

{¶ 5} The previous litigation has established the trial court is without authority to

"address BSC's calculation of Johnson's sentence," and, even if such authority existed, the Ohio Supreme Court, whose dictates lower courts must follow, has ruled that "Johnson's maximum term will not expire until 2024." *State v. Johnson*, 2d Dist. Montgomery No. 28162, 2019-Ohio-1801, ¶ 6; *Johnson*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967, ¶ 7.

{¶ 6} Johnson's brief contains thirty assignments of error. Assignments of error 1-15, 19-28, and 30 attack, in one form or another[1], the Supreme Court's determination that Johnson's 12-year prison term, under Ohio Adm.Code 5120-2-03.2(E), must be served consecutively to Johnson's 7-25 year indefinite prison term, and, from this, the Supreme Court's conclusion, consistent with the BSC calculation, that Johnson's maximum sentence will not expire until 2024. *Johnson*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967, at ¶ 7. Neither the trial court nor this court can modify this conclusion. For this reason, the indicated assignments of error are overruled.

{¶ 7} Assignment of error 16 asserts Johnson was denied due process and equal protection because an evidentiary hearing was not conducted. Based upon the status of Johnson's sentence as recognized by the Supreme Court, the trial court had no reason to conduct an evidentiary hearing. This assignment of error is overruled.

{¶ 8} Assignment of error 17 contends the trial court erred by not granting Johnson's public records request. A public records request filed by a convicted, incarcerated defendant must specifically set forth the records he seeks and establish that

---

[1] A number of Johnson's assignments of error assert the trial judge has committed ethical violations. This court is not the forum to resolve alleged trial court ethical violations. But since the purported ethical violations concern the trial court's failure to accept Johnson's position, these assignments of error are appropriately resolved as indicated.

the records are required to pursue a justiciable claim. *State v. Atakpu*, 2d Dist. Montgomery No. 25232, 2013-Ohio-4392, ¶ 9. *See also* R.C. 149.43(B)(8). As discussed, Johnson has not set forth a justiciable claim. Assignment of error 17 is overruled.

{¶ 9} Assignment of error 18 argues the trial court erred by overruling Johnson's request for appointed counsel. Johnson did not have a constitutional right to appointed counsel to adjudicate the post-conviction motions. Thus, the trial court did not err by overruling the request for appointed counsel. Assignment of error 18 is overruled.

{¶ 10} Finally, in assignment of error 29, Johnson asserts that his constitutional due process and equal protection rights were violated because the trial court did not rule on his motions in the "maximum allowed 180 * * * days." Assuming, for the sake of brevity, that the trial court had an obligation to rule upon any of Johnson's motions within 180 days, the record reflects that each motion was decided within 180 days. Assignment of error 29 is overruled.

## Conclusion

{¶ 11} Having overruled all of the assignments of error, the judgments of the Montgomery County Common Pleas Court are affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Ronald G. Johnson
Hon. Steven K. Dankof