[Cite as *State v. Johnson*, 2021-Ohio-1333.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28905 |
| | : | |
| v. | : | Trial Court Case No. 2000-CR-788 |
| | : | |
| RONALD G. JOHNSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of April, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

RONALD G. JOHNSON, #A518-770, 2240 Hubbard Road, Youngstown, Ohio 44505
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Ronald G. Johnson, acting pro se, appeals from an order of the Montgomery County Court of Common Pleas, which overruled his motion for relief from judgment and to correct jail-time credit and his motion to withdraw his guilty plea. Johnson filed a timely notice of appeal on September 18, 2020.

{¶ 2} The record establishes that in 2000, Johnson was indicted for carrying a concealed weapon and having a weapon while under disability; the count of having a weapon while under disability included a one-year firearm specification. Johnson pled guilty to having a weapon while under disability along with the one-year firearm specification in exchange for dismissal of the carrying a concealed weapon count. The trial court sentenced Johnson to three years in prison for having a weapon while under disability, as well an additional, consecutive year for the firearm specification, for an aggregate sentence of four years in prison. Johnson did not appeal from his conviction.

{¶ 3} On July 28, 2020, Johnson filed a motion for relief from judgment and to correct jail-time credit, in which he argued that the Ohio Supreme Court's decision in a previous mandamus action that he had filed was unconstitutional. *See Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967, ¶ 7 (holding that Johnson's petition for a writ of habeas corpus was properly dismissed because it failed to state a claim and determining that the Bureau of Sentence Computation had correctly calculated Johnson's sentence and he therefore was not entitled to immediate release). On August 11, 2020, Johnson filed a motion to withdraw his plea, arguing that he received ineffective assistance when his trial counsel promised him that the trial court would impose an aggregate sentence of three years if he pled guilty, but the court imposed an aggregate sentence of four years following his plea. On August 30, 2020, the trial court overruled

both of Johnson's motions.

{¶ 4} It is from this judgment that Johnson now appeals.

{¶ 5} Because they are interrelated, we will discuss all three of Johnson's assignments of error together:

TRIAL COURT DID ABUSE ITS DISCRETION BY FAILING TO HAVE THE REQUESTED AND REQUIRED HEARING ON THE ASSERTED CLAIMS.

TRIAL COURT DID ABUSE ITS DISCRETION BY OVERRULING THE POST-CONVICTION MOTIONS WITHOUT ANY ADJUDICATION ON ASSERTED CLAIMS.

TRIAL COURT DID ABUSE ITS DISCRETIONBY FAILING TO PERMIT APPELLANT TO WITHDRAW PLEA OF GUILTY WHEN THE PRIMA FACIE [sic] ESTABLISHED ASSERTED CLAIMS REQUIRE TRIAL COURT TO GRANT MANIFEST INJUSTICE.

{¶ 6} Initially, we note that Johnson confines his arguments to the trial court's decision overruling his motion to withdraw his guilty plea. Taken together, Johnson appears to be arguing that the trial court erred when it denied his motion to withdraw his guilty plea without conducting a hearing on that motion, because he adduced sufficient evidence that a manifest injustice had occurred.

{¶ 7} Crim.R. 32.1 governs the withdrawal of guilty pleas and provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 8} As this Court has previously noted:

Although "a presentence motion to withdraw a guilty plea should be freely and liberally granted[,] * * * a defendant does not have an absolute right to withdraw a plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). In such situations, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id*. Furthermore, "[a]bsent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." *Id*.

In contrast, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. The Supreme Court of Ohio has defined "manifest injustice" as " 'a clear or openly unjust act.' " *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), quoting *Webster's Third New International Dictionary* 1164, 1375 (1986).

The Supreme Court of Ohio has also stressed that post-sentence withdrawal "is allowable only in extraordinary cases." (Citation omitted.) *Smith* at 264. Furthermore, "[a] motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id*. at paragraph two of the syllabus.

*State v. Berry*, 2d Dist. Greene No. 2013-CA-34, 2014-Ohio-132, ¶ 26-28.

**{¶ 9}** "Moreover, an evidentiary hearing is not required on every post-sentence motion to withdraw a plea. The movant must establish a reasonable likelihood that withdrawal of his plea is necessary to correct a manifest injustice before a trial court must hold a hearing on his motion." *State v. Baker*, 2018-Ohio-669, 105 N.E.3d 1271, ¶ 13 (2d Dist.) quoting *State v. Stewart*, 2d Dist. Greene No. 2002-CA-28, 2004-Ohio-3574, ¶ 6.

**{¶ 10}** We agree with Johnson that manifest injustice sufficient to allow post-sentence withdrawal of a guilty plea may be established by ineffective assistance of counsel. *See, e.g., State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, ¶ 18 (10th Dist.); *State v. Banks*, 2d Dist. Montgomery No. 25188, 2013-Ohio-2116, ¶ 9; *State v. Nawman*, 2d Dist. Clark No. 2016-CA-43, 2017-Ohio-7344, ¶ 12.

**{¶ 11}** Ineffective assistance of counsel is shown when "(1) trial counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a plea." *State v. Wilson,* 2d Dist. Montgomery No. 26354, 2015-Ohio-1584*,* ¶ 17, citing *State v. Jordan*, 12th Dist. Warren No. CA2014-04-051, 2015-Ohio-575, ¶ 12, and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶ 12}** Trial courts have sound discretion over motions to withdraw pleas, and they assess the "good faith, credibility and weight of the movant's assertions in support of the motion * * *." *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph two of the syllabus. We therefore review for abuse of discretion, which requires us to find that the trial court's attitude was "unreasonable, arbitrary or unconscionable." (Citations omitted.) *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶ 13}** We note that Johnson filed his motion to withdraw his plea approximately

20 years after he was sentenced. "Although Crim.R. 32.1 does not contain a time limit for filing a post-sentence motion to withdraw a plea, a trial court may take into consideration the passage of time between the entry of the plea and a defendant's attempt to withdraw it." (Citations omitted.) *State v. Jones*, 2d Dist. Greene No. 07-CA-104, 2008-Ohio-4733, ¶ 9. "[A]n undue delay between the occurrence of the alleged cause of a withdrawal of [the] plea and the filing of a Crim.R. 32 motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Harden*, 2d Dist. Montgomery No. 22839, 2009-Ohio-3431, ¶ 7, citing *Smith.* Here, Johnson failed to provide any explanation for the delay in filing his motion, which supported the trial court's decision to overrule it. *See Nawman,* 2d Dist. Clark No. 2016-CA-43, 2017-Ohio-7344, at ¶ 16 (where the defendant failed to explain a more than two-year delay between sentencing and filing of motion to withdraw plea).

{¶ 14} "The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 40.

{¶ 15} We also note that Johnson has failed to provide the transcript of his plea hearing, so we must assume regularity in the proceedings and that the trial court fully complied with Crim.R. 11. As this Court has stated, " 'absent a transcript of the proceedings, this Court must presume regularity in the proceedings before the trial

court.' " *State v. Miller*, 2d Dist. Montgomery No. 25893, 2014-Ohio-4508, ¶ 26, citing *State v. Kreuzer*, 2d Dist. Greene No. 98-CA-100, 1999 WL 959206, *5 (Aug. 6, 1999).

**{¶ 16}** As previously stated, Johnson contends that his trial counsel promised him that the trial court would impose an aggregate sentence of three years if he pled guilty, rather than the four-year aggregate sentence that was imposed. Approximately 20 years later, Johnson filed a motion to withdraw his guilty plea, claiming ineffective assistance in his counsel's allegedly promising him a three-year sentence. We must assume that Johnson was present at his sentencing hearing, and even if he did not pay attention to the trial court at the hearing, Johnson admitted in his affidavit that he became aware of the four-sentence immediately after he began his term of incarceration in the Ohio prison system.

**{¶ 17}** In *Jones*, 2d Dist. Greene No. 07-CA-104, 2008-Ohio-4733, we stated:

Jones entered her pleas in August 2004 and did not move to withdraw them until September 2007. In her affidavit, she admitted discovering in April 2005—just eight months after entering her pleas—that the convictions would impact her ability to teach. *Yet she waited nearly two and one-half more years before attempting to vacate the pleas. The trial court appropriately took this unreasonable delay into account in overruling her motion.* * * *

(Emphasis added.) *Id*. at ¶ 10.

**{¶ 18}** In *Jones*, we found that a delay of two and one-half years was unreasonable when filing a motion to withdraw the defendant's pleas. Here, Johnson waited over 20 years to file a motion to withdraw, which was clearly unreasonable under the

circumstances.

**{¶ 19}** Johnson additionally argues that he should have been permitted to withdraw his plea because he alleges that he discovered in 2020 that his trial counsel had been engaged in a sexual relationship with Johnson's fiancée at the time Johnson entered his plea in 2000. However, other than his own self-serving statements in his affidavit attached to his motion to withdraw his guilty plea, Johnson provided the trial court with no additional evidence regarding his allegations of sexual misconduct. Johnson's allegations against his former counsel, standing alone, were insufficient to demonstrate a manifest injustice or to support the withdrawal of his plea. *See State v. Stewart*, 2d Dist. Greene No.2003-CA-28, 2004-Ohio-3574, ¶ 6. Furthermore, "we have held that no hearing is required on a post-sentence motion to withdraw a plea where the motion is supported only by the movant's own self-serving affidavit, at least when the claim is not supported by the record." *State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, ¶ 13, citing *Stewart* at ¶ 6. We therefore conclude that the trial court did not abuse its discretion when it overruled Johnson's motion for relief from judgment and to correct jail-time credit and his motion to withdraw his guilty plea without conducting a hearing.

**{¶ 20}** Johnson's first, second, and third assignments of error are overruled.

**{¶ 21}** All of Johnson's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Ronald G. Johnson
Hon. Richard Skelton