[Cite as *State v. Johnson*, 2021-Ohio-1517.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28978 |
| | : | |
| v. | : | Trial Court Case No. 1986-CR-2584 |
| | : | |
| RONALD G. JOHNSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of April, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

RONALD G. JOHNSON, #A518-770, 2240 Hubbard Road, Youngstown, Ohio 44505
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} On June 29, 2020, Ronald G. Johnson filed a "Motion for Satisfaction of Judgment," contending that his prison sentence had been completely served in June 2018 and that the August 2024 completion date calculated by the Bureau of Sentence Computation (BSC) was incorrect. On November 23, 2020, the trial court overruled the motion. Johnson appeals.

{¶ 2} In his brief, Johnson lists two assignments of error. First, he asserts that it was "plain error" for the trial court to overrule his motion for satisfaction of judgment. Second, he states that res judicata cannot be used to prevent relief from a void judgment, again indicating that it was plain error for the trial court to deny relief. We overrule the assignments of error. As further detailed herein, it was not error at all, let alone plain error, for the trial court to overrule Johnson's motion, which challenged BSC's calculation that his maximum sentence will not expire until August 2024. Furthermore, Johnson's contention that res judicata does not apply is based on the assertion that the judgment that his maximum sentence will not expire until August 2020 is void. The judgment is not void; in fact, it is an existing and final judgment of the Ohio Supreme Court.

{¶ 3} This is at least the eighth case in the Ohio Supreme Court, in this court, and in two other courts of appeals in which Johnson has contended that the BSC incorrectly calculated that his maximum prison sentence will not expire until August 2024. We have twice previously ruled against Johnson, concluding that the Supreme Court has held the BSC calculation is correct, and we cannot alter a conclusion made by the Supreme Court. *See State v. Johnson*, 2d Dist. Montgomery No. 28162, 2019-Ohio-1801; *State v. Johnson*, 2d Dist. Montgomery No. 28503, 2020-Ohio-1307. ("the trial court had no

authority to address BSC's calculation of Johnson's sentence."). Johnson cannot simply change the title of his motion to obtain a different result.

**{¶ 4}** In *Johnson v. Moore,* 149 Ohio St.3d 716, 2017-Ohio-2792, 77 N.E.3d 967, and *State ex rel. Johnson v. Bur. of Sentence Computation,* 159 Ohio St.3d 552, 2020-Ohio-999, 152 N.E.3d 257, the Supreme Court of Ohio concluded that Johnson's sentence had been properly calculated and that his maximum prison term will not expire until 2024. Neither the trial court nor this court can change the Supreme Court's holdings.

**{¶ 5}** The assignments of error are overruled.

**{¶ 6}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Ronald G. Johnson
Hon. Gregory F. Singer