[Cite as *State v. Johnson*, 2021-Ohio-1766.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-08-016 |
| | : | O P I N I O N |
| - vs - | | 5/24/2021 |
| | : | |
| RONALD G. JOHNSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20070038

Nicholas A. Adkins, Madison County Prosecuting Attorney, Rachel M. Price, 59 N. Main Street, London, Ohio 43140, for appellee

Ronald G. Johnson, #A518770, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio 44505, pro se

**S. POWELL, P.J.**

{¶ 1} Appellant, Ronald G. Johnson, appeals the decision of the Madison County Court of Common Pleas denying his most recent challenge to the two-year prison sentences imposed in Case Nos. 2007CR-02-018 and 2007CR-03-038, sentences the trial court ordered to be served consecutively to one another and consecutively to a seven-to-25-year

indefinite prison sentence previously imposed on Johnson in a separate, unrelated case out of Montgomery County, Ohio. For the reasons outlined below, we affirm the trial court's decision.

{¶ 2} In 2007, the trial court sentenced Johnson to a two-year prison term in Case No. 2007CR-02-018. The trial court also sentenced Johnson to a two-year prison term in Case No. 2007CR-03-038. As noted above, the two sentences were ordered to be served consecutively to one another and consecutively to a seven-to-25-year indefinite prison sentence previously imposed on Johnson in the separate, unrelated Montgomery County case. Johnson did not directly appeal his conviction in either case. However, starting in 2012, Johnson began filing a variety motions seeking a "recalculation" of his sentence. The trial court denied all of Johnson's motions in their entirety. This includes the trial court's decision issued in the fall of 2012, wherein the trial court specifically stated that the documentation provided by Johnson in support of his position "directly contradicts his legal conclusion * * *."

{¶ 3} Undeterred, on August 5, 2020, Johnson filed several additional motions challenging the two-year prison sentences the trial court imposed in Case Nos. 2007CR-02-018 and 2007CR-03-038. But, rather than in a motion to vacate his sentence or a petition for postconviction relief, Johnson instead raised this challenge as part of a motion to withdraw guilty plea under Crim.R. 32.1, as well as in a motion for "satisfaction of judgment and vacation of unauthorized duplicate term for consecutive service," and a motion to "stay sentenced (sic) rendered legally null on 5/31/2013."

{¶ 4} On August 17, 2020, the trial court issued a decision summarily denying each of Johnson's three motions. Shortly thereafter, on August 25, 2020, the trial court reiterated its decision to deny Johnson's three motions. The record indicates that the trial court's August 25, 2020 decision was in response to Johnson refiling the exact same three motions

with the trial court on August 21, 2020. Johnson now appeals the trial court's decision summarily denying each of his three motions, raising the following two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT DID ABUSE ITS DISCRETION BY OVERRULING THE POST-CONVICTION MOTION TO [WITHDRAW] PLEA UNDER CRIM.R. 32.1.

{¶ 7} Assignment of Error No. 2:

{¶ 8} TRIAL COURT DID COMMIT PLAIN ERROR AND ABUSE ITS DISCRETION BY OVERRULING ALL MOTIONS WITHOUT THE REQUIRED HEARING.

{¶ 9} In his two assignments of error, Johnson is once again seeking to have his sentence recalculated by challenging the two-year prison sentences the trial court imposed in Case Nos. 2007CR-02-018 and 2007CR-03-038. This time, however, Johnson is seeking to have his sentence recalculated via a motion to withdraw guilty plea under Crim.R. 32.1, as well as a motion for "satisfaction of judgment and vacation of unauthorized duplicate term for consecutive service," and a motion to "stay sentenced (sic) rendered legally null on 5/31/2013." But, as has been determined many times before, Johnson's arguments lack merit.

{¶ 10} Although raised in differently styled motions, Johnson's arguments as to why his sentence should be recalculated have already been rejected multiple times by both the trial court and this court on appeal. *See State v. Johnson*, 12th Dist. Madison No. CA2018-07-021, 2019-Ohio-445, ¶ 2 (affirming the trial court's decision denying Johnson's "motion to vacate judgment on consecutive term served" wherein Johnson again challenged his sentence upon finding Johnson's arguments were "barred under the doctrine of res judicata, as such arguments were previously raised and addressed in prior decisions"); *see also State v. Johnson*, 12th Dist. Fayette No. CA2020-06-008, 2021-Ohio-1629 (affirming as

- 3 -

modified the trial court's decision denying Johnson's motion for additional jail-time credit, his fourth such motion requesting jail-time credit for the same period of days).

{¶ 11} Johnson's arguments, or substantially similar ones, have also been rejected by the Ohio Supreme Court. *See Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792, ¶ 7 (holding that Johnson's petition for a writ of habeas corpus was properly dismissed because it failed to state a claim and determining that the Bureau of Sentence Computation ("BCS") had correctly calculated Johnson's sentence and he therefore was not entitled to immediate release).

{¶ 12} Johnson even acknowledges this as part of both his initial appellate brief and reply brief filed with this court. Specifically, as Johnson states in his initial appellate brief:

> The Supreme Court of Ohio has HELD in Appellant's own case of Johnson v Moore 149 Ohio St 3d 716, 2017-Ohio-2792, 77 NE 3d 967 at p.7 that ODRC imposed terms are lawful & correct * * * (sic).

{¶ 13} And, as Johnson states in his reply brief:

> The Supreme Court held in my own case of Johnson v Moore 149 Ohio St 3d 716, 2017-Ohio-2792, 77 NE 3d 967 at p. 6-7," ODRC sentences are correct and the 2024 maximum expiration date is correct under FULL COMPLIANCE TO [the Ohio Administrative Code] & case law * * * (sic).

{¶ 14} Johnson's arguments have also been rejected by several other Ohio appellate courts. *See State v. Johnson*, 2d Dist. 28905, 2021-Ohio-1333 (overruling Johnson's assignments of error arguing the trial court erred by denying his postconviction motions, including a motion to withdraw guilty plea, wherein Johnson argued that he received ineffective assistance when his trial counsel promised him that the trial court would impose an aggregate sentence of three years if he pled guilty, but the court imposed an aggregate sentence of four years following his plea); *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 20AP-317, 2021-Ohio-525 (denying Johnson's petition for a

writ of mandamus ordering the Ohio Department of Rehabilitation and Correction to reduce Johnson's maximum term of incarceration, currently set to end on August 19, 2024, because Johnson believes he should receive an additional allowance of jail-time credit for the time he was held awaiting trial in his criminal cases); *Johnson v. Larose*, 7th Dist. Mahoning No. 18 MA 0135, 2019-Ohio-5443 (denying Johnson's petition for a writ of habeas corpus wherein Johnson claimed "he has served 'duplicate terms' entitling him to immediate release"); *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. 16AP-69, 2016-Ohio-5424 (denying Johnson's petition for a writ of mandamus ordering the Ohio Department of Rehabilitation and Correction to correct his sentence).

{¶ 15} This includes a recent decision issued by the Second District Court of Appeals in *State v. Johnson*, 2d Dist. Montgomery No. 28978, 2021-Ohio-1517, wherein the Second District stated:

> This is at least the eighth case in the Ohio Supreme Court, in this court, and in two other courts of appeals in which Johnson has contended that the BCS incorrectly calculated that his maximum prison sentence will not expire until August 2024. We have twice previously ruled against Johnson, concluding that the Supreme Court has held the BSC calculation is correct, and we cannot alter a conclusion made by the Supreme Court. *See State v. Johnson*, 2d Dist. Montgomery No. 28162, 2019-Ohio-1801; *State v. Johnson*, 2d Dist. Montgomery No. 28503, 2020-Ohio-1307. ("the trial court had no authority to address BSC's calculation of Johnson's sentence."). Johnson cannot simply change the title of his motion to obtain a different result.

*Id.* at ¶ 3.

{¶ 16} We agree that Johnson cannot simply restyle his motions to require this court, or any other court, to review the exact same meritless claims. Therefore, because it has already been determined that all of Johnson's arguments lack merit, the trial court did not err by denying Johnson's most recent challenge to the two-year prison sentences imposed in Case Nos. 2007CR-02-018 and 2007CR-03-038. This remains true despite the fact

Johnson raised these arguments as part of a motion to withdraw guilty plea, a motion for "satisfaction of judgment and vacation of unauthorized duplicate term for consecutive service," and a motion to "stay sentenced (sic) rendered legally null on 5/31/2013." The trial court also did not err by denying each of Johnson's motions without first holding a hearing on the matter. *See, e.g., State v. Ridenour*, 12th Dist. Madison No. CA2005-05-017, 2005-05-017, 2006-Ohio-500, ¶ 15 ("a hearing is not required on a post-sentence motion to withdraw a plea 'if the facts alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn'"), quoting *State v. Blatnik*, 17 Ohio App.3d 201, 204 (6th Dist.1984). Johnson's claims otherwise lack merit.

{¶ 17} In so holding, we note that no matter what vehicle Johnson may use to challenge his sentence, whether that be a petition for postconviction relief, a writ of habeas corpus, or motions to vacate or withdraw plea, Johnson's sentence has been calculated correctly and does not constitute a "void" sentence. The same holds true for Johnson's guilty plea and the trial court's underlying guilt finding. Any claim raised by Johnson stating otherwise is incorrect. Accordingly, once again finding no merit to any of Johnson's claims raised herein, Johnson's two assignments of error lack merit and are overruled.

{¶ 18} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.